## Commonwealth ex rel. v. Ashe

*Paul W. Barrick*, relator, p. p.

RICE, P. J., April 27, 1942.—Paul W. Barrick, relator, has presented a petition for a writ of coram nobis for his release from imprisonment in the Western State Penitentiary for the term of his natural life, setting forth that, on April 24, 1939, he had pleaded guilty to a bill of indictment in this court charging him with murder and that, on June 14, 1939, he was sentenced by this court to undergo imprisonment for the term of his natural life. The petition also sets forth his reasons for his release, in an argumentative manner, which are substantially as follows: (1) That he was convicted and sentenced without a trial by jury; (2) that he could not legally consent to a trial without a jury or waive a trial by a jury; and (3) that the evidence was not sufficient to sustain a sentence for murder in the first degree. The petition does not allege any error in the admission or rejection of any evidence, does not attack the credibility of the evidence or any part of it, and does not aver the discovery of any new evidence. All the questions raised by the petition relate to matters of law.

In Commonwealth ex rel. v. Ashe, 28 D. & C. 573, 575, Judge Hirt, of Erie County, said:

"The extraordinary remedy of error coram nobis is still available in Pennsylvania: Fisher v. Hestonville, Mantua & Fairmount Passenger Ry. Co., 185 Pa. 602; although for the most part, in practice, it has become almost obsolete, the more convenient remedy by motion having taken its place. At common law the remedy was used to correct errors of fact unknown at the time of trial to the party seeking relief and to the court. The office of the writ is to correct an error of fact in respect to a matter affecting the validity and regularity of the proceedings in the same court in which the judgment was rendered and where the record is, when the error assigned is not for any fault of the court: Howard v. State, 58 Ark. 229, 24 S. W. 8. Properly speaking, this writ should be called coram vobis, for coram nobis proceedings at common law were in the King's Bench: See State of Kansas v. Calhoun, 50 Kan. 523, 32 Pac. 38. In Pennsylvania the powers of the Court of King's Bench in criminal cases are vested in the Supreme Court: Commonwealth v. Balph et al., 111 Pa. 365; but the name to be applied to the writ is unimportant." See, also, Commonwealth v. Valerino, 32 D. & C. 363, and Commonwealth v. Shemory, 46 Dauph. 156.

Since this writ lies only where there are errors of fact in the record of the case, and since there are no allegations as to any error of fact in this case, we might very properly dismiss the petition without further consideration.

But petitioner alleges that he was entitled, according to the Constitution of the United States and the Constitution and laws of the Commonwealth of Pennsylvania, to a trial by jury and that he could not lawfully waive such trial or consent to his trial without a jury. He also alleges that he was not guilty of murder in the first degree, notwithstanding his plea of guilty.

We are informed that on July 31, 1940, the Supreme Court dismissed petitioner's petition for a writ of habeas corpus and that on November 6, 1940, the Court

of Common Pleas of Allegheny County dismissed his petition for a writ of habeas corpus. We have not seen any report of these petitions, but it is very probable that neither of these courts saw any merit in his contentions.

The Constitution of the United States provides as follows:

"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; . . . ": article III, sec. 2, cl. 3;

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ": sixth amendment.

It has been held that these constitutional provisions relate only to cases in the Federal courts: Commonwealth v. Reilly et al., 324 Pa. 558.

The Constitution of Pennsylvania provides as follows:

"Trial by jury shall be as heretofore, and the right thereof remain inviolate": article I, sec. 6.

"In all criminal prosecutions the accused hath a right . . . to have . . . in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; . . .": article I, sec. 9.

The first of these provisions means that trial by jury as it was at common law is preserved but not enlarged. The second means that, if a trial is necessary to determine the guilt of the accused, he is entitled to a jury trial. But neither provision accords an accused a jury trial regardless of his plea. At common law, when an accused was brought before the court, he was first arraigned and the indictment was read in English and he was then asked how he would plead; if he would plead guilty, judgment was passed; if he pleaded not guilty, a jury was called, challenged, and sworn, and the trial then proceeded. The plea of guilty rendered a trial unnecessary. See 4 Blackstone's Commentaries (Lewis'

ed.) 342 et seq., and 1 Wharton Criminal Law (7th ed.) 419, sec. 530. In Pennsylvania the practice has been substantially the same, except that certain changes have been made by statutes. If these constitutional provisions rendered it necessary to give this petitioner a trial by jury, notwithstanding his plea of guilty, then many thousands of persons have undergone illegal imprisonment and many have suffered death illegally, because these provisions apply to all common-law crimes, not merely to homicide cases. Section 74 of the Criminal Code of March 31, 1860, P. L. 382, as amended by the Act of May 22, 1923, P. L. 306, which applies to petitioner's case, says:

". . . but if such person [indicted for murder] shall be convicted by confession, the court shall proceed, by examination of witnesses, to determine the degree of the crime, and to give sentence accordingly."

Section 75 of the Criminal Code, as amended by the Act of May 14, 1925, P. L. 759, says:

"In cases of pleas of guilty, the court, where it determines the crime to be murder of the first degree, shall, at its discretion, impose sentence of death or imprisonment for life."

In Commonwealth v. Petrillo, 340 Pa. 33, 44, the Supreme Court said:

"The proceeding to determine the degree of the crime of murder after a plea of guilty is not a trial: *Com. v. Shawell*, supra [325 Pa. 497]; *People v. Chew Lan Ong*, 141 Cal. 550, 75 Pac. 186; and *State v. Almy* (N. H.), 28 Atl. 372." The Supreme Court also said (p. 43):

"But though the Constitution guarantees to a defendant charged with crime a trial by jury, he may waive trial by jury and plead guilty. The Act of March 31, 1860, P. L. 382, so providing in murder cases is not repugnant to the constitutional provision that 'trial by jury shall be as heretofore and the right thereof remain inviolate.' "

In Commonwealth v. Hawk, 328 Pa. 417, Commonwealth v. Le Grand et al., 336 Pa. 511, Commonwealth v. Howell, 338 Pa. 577, Commonwealth v. Petrillo, 340 Pa. 33, and Commonwealth v. Irelan, 341 Pa. 43, each defendant pleaded guilty to an indictment charging murder and the court proceeded to take testimony and determine the degree of murder and the penalty, and the procedure was not called in question so far as the constitutional question of a trial by jury was concerned. We are convinced that once the defendant in a murder case pleads guilty he is not entitled to a trial by jury.

The question whether petitioner in this case was guilty of murder of the first degree or of the second degree was one of law for the court, and we have no power, in this proceeding, to review the action of the court. Petitioner had the right to an appeal to the Supreme Court and had the opportunity to raise the question in his petition to the Supreme Court for a habeas corpus.

### Decree

And now, April 27, 1942, the prayer of the petition is denied and the petition is dismissed. Exception granted.