# Commonwealth ex rel. Gibbs, Appellant, *v.* Ashe, Warden.

Submitted April 13, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Robert G. Gibbs,* appellant, in propria persona, submitted a brief.

*Raymond P. Shafer,* District Attorney, for appellee, submitted a brief.

PER CURIAM, July 15, 1949:

The appeal in this proceeding has been taken by the relator from the order of the Court of Common Pleas of Allegheny County dismissing his petition and refusing a writ of habeas corpus. Relator pleaded guilty in open court to bill of indictment (No. 7, February Sessions, 1947, Crawford County), which had been drawn under

the Act of April 15, 1907, P. L. 62, as amended by the Act of June 15, 1939, P. L. 400, §1, 19 PS §241, charging him in two counts with burglary and larceny. The plea appears from the certificate of the President Judge of the Courts of Crawford County, which is endorsed on the bill and reads:

"Now, Feby. 3" 1947, the defendant appears in Open Court and waives presentation of the within indictment to the Grand Jury and enters a plea of guilty to the charge preferred therein, and consents to the pronunciation of sentence forthwith.

"Per Curiam
"O. Clare Kent
"President Judge."

Before any sentence had been imposed, relator and another prisoner broke jail and escaped on February 22, 1947. They thereupon stole an automobile in the city of Meadville, which they used in their flight. They were apprehended in Jefferson, Ohio, on February 24, 1947, and were returned to the Crawford County jail in Meadville, Pennsylvania. On February 25, 1947, relator again appeared in open court and pleaded guilty to two additional bills of indictment drawn under the Act of 1907, as amended, 19 PS §241, one charging prison breach (No. 7, May Sessions, 1947), and the other charging larceny of a motor vehicle (No. 8, May Sessions, 1947). Sentence was imposed on the same day on each of the three bills of indictment as follows: No. 7, February Sessions, 1947, to pay a fine of $100, to make restitution of the stolen property or to pay the value thereof, and to undergo imprisonment in the Western State Penitentiary for a term of not less than five years nor more than ten years, to be computed from November 4, 1946; No. 8, May Sessions, 1947, to pay a fine of $200, to make restitution of the stolen property or to pay the value thereof, and to undergo imprisonment in the West-

ern State Penitentiary for a term of not less than two and one-half years nor more than five years to be computed from the expiration date of the sentence on bill No. 7, February Sessions, 1947; No. 7, May Sessions, 1947, to pay a fine of $200, and to undergo imprisonment in the Western State Penitentiary for a term of not less than five years nor more than ten years to be computed from the expiration date of the sentences pronounced at No. 7, February Sessions, 1947, and No. 8, May Sessions, 1947.

On the backs of the last two of these indictments appears an attestation the same as the certificate set forth above at No. 7, February Sessions, 1947, except that the date was February 25th instead of February 3d.

Relator's averments considered by the court below are as follows: (1) Indictments were not signed by the relator; (2) the sentences for prison breach and larceny of a motor vehicle should run concurrently and not consecutively; (3) relator was not provided with counsel; (4) the sentence for prison breach is excessive.[1] Relator's complaint as to his transfer to Pennsylvania from the State of Ohio after he had been there apprehended following his flight from the Crawford County jail was dismissed by the court below. Relator averred that he did not sign extradition papers; there is no averment in his petition that he did not return voluntarily and without formality to Pennsylvania.

Signature to the pleas upon the bills of indictment by relator, while desirable, was not an indispensable prerequisite to the validity of the pleas. *Com. ex rel. Krannacher v. Ashe*, 142 Pa. Superior Ct. 162, 15 A. 2d 855; *Com. ex rel. Carey v. Ashe*, 165 Pa. Superior Ct. 27, 67 A. 2d 768.

Relator's contention that the sentences for the prison breach and for the larceny of an automobile should run

---

[1] See *Com. ex rel. Madden v. Ashe*, 162 Pa. Superior Ct. 39, 41, 56 A. 2d 335.

concurrently instead of consecutively is without merit. It is based upon the theory that the two offenses were not separate but were integral parts of a single transaction. In the present case there was no connection between escaping from prison and the subsequent theft of an automobile. The two criminal acts were committed successively, and one was not a necessary ingredient of the other. See *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 104, 21 A. 2d 920; *Com. ex rel. Hnat v. Ashe*, 165 Pa. Superior Ct. 25, 67 A. 2d 769. It was proper that there be a sentence for both.

Relator also complains that he was not provided with counsel and was not informed of his right to counsel. In this connection, what we said in *Com. ex rel. Hovis v. Ashe*, 165 Pa. Superior Ct. 30, 67 A. 2d 770, is applicable and controlling.

We are of the opinion that there is merit in relator's final contention that, as no sentence had been imposed at the time of the prison breach, the sentence for prison breach under section 309 of the Act of June 24, 1939, P. L. 872, 18 PS §4309, could not properly exceed two years. The section contains two provisions which read as follows:

"Whoever, being charged with an indictable offense, breaks prison, or escapes, or shall break prison, although no escape is actually made, is guilty of prison breach, a misdemeanor, and on conviction thereof, shall be sentenced to undergo imprisonment, by separate and solitary confinement at labor, not exceeding two (2) years, if the charge on which such person stood committed was an offense punishable, on conviction, by imprisonment by separate and solitary confinement at labor; or to imprisonment not exceeding one (1) year, if such charge was an offense punishable, on conviction, by simple imprisonment without labor.

"Whoever, being imprisoned after conviction, of an offense other than murder in the first degree, or where

the sentence is imprisonment for life, breaks prison, although no escape is actually made by him, is guilty of prison breach, a misdemeanor, and upon conviction thereof, shall be sentenced to undergo imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned."

The second provision is applicable only where the prisoner is imprisoned by virtue of a sentence. In the present case, although relator had entered a plea of guilty, prior to escaping from prison, no sentence had been imposed. Therefore it cannot be said that there was an original sentence, by virtue of which he was imprisoned. The first provision of section 309 is applicable. Relator had been charged with an indictable offense, and he was in prison subsequent to his conviction. If he had been imprisoned after conviction and sentence he would have come within the second class of offenders. See *Com. ex rel. Lewis v. Ashe,* 335 Pa. 575, 7 A. 2d 296. As he came within the first class of offenders the court below was limited in the imposition of sentence for the prison breach to a term of not less than one year nor more than two years. Accordingly, the sentence upon bill No. 7, May Sessions, 1947, is amended by striking out the fine of $200, and so as to read "imprisonment by separate and solitary confinement at labor in the Western State Penitentiary for a term of not less than one year nor more than two years to be computed from the expiration date of the sentences this day pronounced at No. 7, February Sessions, 1947, and No. 8, May Sessions, 1947, and to stand committed until this sentence is complied with."

With the above modification, the order of the court below is affirmed.