**COMMONWEALTH OF PENNSYLVANIA ex rel. GIBBS v. ASHE et al.**

**Civ. No. 9141.**

United States District Court, W. D. Pennsylvania.

Oct. 11, 1950.

GOURLEY, District Judge.

This proceeding involves application for leave to file a forma pauperis petition for writ of habeas corpus, and the request for issuance of the rule thereon to show cause why the petitioner should not be discharged from the custody of the law.

In passing upon the question, consideration has been given to the allegations in the petition and judicial knowledge will be taken of all records in the state and federal jurisdictions. Trust Co. of Chicago v. Pennsylvania R. R. Co., 7 Cir., 183 F.2d 640.

The detailed matters which have been considered are as follows:

(a) The allegations of fact set forth in the petition.

(b) Records in the Court of Common Pleas of Allegheny County, Pennsylvania.

(c) Records of the Superior Court of the Commonwealth of Pennsylvania.

(d) Records of the Supreme Court of the Commonwealth of Pennsylvania.

(e) Records of the Supreme Court of the United States.

Pending sentence at 7 February Sessions, 1947, Crawford County, Pennsylvania, for the crime of burglary, defendant was remanded to jail. While awaiting sentence defendant broke jail and escaped. He was charged with larceny of an automobile, stolen the same day that he broke prison. He went to a parking lot and stole a Chevrolet sedan to aid him in making his escape. He was arrested in Jefferson, Ashtabula County, Ohio, on the 24th day of February, 1947, and was returned the same day to the Crawford County Jail, Meadville, Pennsylvania. On February 25, 1947, defendant was sentenced as follows:

(a) 7 Feb. Sessions, 1947—Charge—burglary; to serve not less than five nor more than ten year sentence in the Western State Penitentiary, effective from November 4, 1946.

(b) 8 May Sessions, 1947—Charge—larceny of motor vehicle; to serve not less than two and one-half nor more than five years in the Western State Penitentiary. This sentence to be computed from the expiration date of sentence imposed at 7 Feb. Sessions, 1947.

(c) 7 May Sessions, 1947—Charge—prison breach; to serve not less than five nor more than ten years, to commence at expiration of sentence imposed at 8 May Sessions, 1947.

This sentence was modified by the Superior Court of Pennsylvania 24 April Term, 1949, to undergo imprisonment for a term not less than two and one-half years, nor more than five years, to be computed from the expiration date of sentence imposed at 8 Feb. Sessions, 1947. Commonwealth ex rel. Gibbs v. Ashe, 165 Pa.Super. 35, 67 A.2d 773.

Petitioner has previously submitted the following applications for a writ of habeas corpus, which were disposed of as follows:

(1) Court of Common Pleas of Allegheny County, Pennsylvania—denied.

(2) Appeal to Superior Court of Pennsylvania—denied with modification as to sentence at 7 May Sessions, 1947, Crawford County, Pennsylvania.

(3) Appeal not perfected to Supreme Court of Pennsylvania.

(4) Application for writ of certiorari to Supreme Court of United States—denied, 338 U.S. 880, 70 S.Ct. 151.

(5) Subsequent to denial of writ of certiorari by the Supreme Court of the United States, petitioner filed an original application for writ of habeas corpus in the Supreme Court of Pennsylvania—denied.

(6) Application for writ of certiorari to the Supreme Court of the United States from the denial of the application filed originally in the Supreme Court of Pennsylvania—denied, 339 U.S. 961, 70 S.Ct. 993.

(7) Application for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania.

Petitioner claims a denial of rights under the Fifth and Fourteenth Amendments of the Constitution of the United States in the following particulars:

1. Arrest without a warrant in the State of Ohio.

2. The three indictments were not endorsed by him.

3. No extradition papers or waiver of extradition were issued or signed by him.

4. No plea of guilty was entered as to any of the indictments.

5. The sentences imposed should have been concurrent rather than consecutive.

6. He was denied the aid of legal counsel.

The contentions raised by the defendant have similarly been raised in the defendant's petitions to the Court of Common Pleas of Allegheny County, Superior Court of Pennsylvania, Supreme Court of Pennsylvania, as well as to the United States Supreme Court.

When an application for writ of habeas corpus is filed in a District Court of the United States after a denial of writ of

544

certiorari by the Supreme Court of the United States, which exhausts state remedies, "the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds and repeated adjudications of the same issues by courts of coordinate powers." Darr v. Burford, 1949, 339 U.S. 200, 215, 70 S.Ct. 587, 596.

It is my considered judgment, after thorough examination has been made of all the issues raised, that reconsideration of the complaints would merely prove repetitious and superfluous.

The application for leave to file in forma pauperis a petition for writ of habeas corpus is allowed. It is ordered that the petition for a writ of habeas corpus is denied.

An appropriate Order is filed.

Order

And Now, this *11th* day of October, 1950, the application for leave to file in forma pauperis a writ of habeas corpus is allowed. The petition for writ of habeas corpus is denied.