### UNITED STATES ex rel. LORENZO v. COMMONWEALTH OF PENNSYLVANIA et al.

#### Civ. A. No. 9574.

United States District Court
W. D. Pennsylvania.

May 16, 1951.

No counsel.

MARSH, District Judge.

Joseph Lorenzo petitions this court for a writ of habeas corpus and for leave to proceed in forma pauperis. It appears from an examination of the papers presented by the petitioner that he was tried by a jury in the Court of Quarter Sessions of Crawford County and found guilty on two counts of larceny. The Court imposed consecutive sentences of from 2½ to 5 years on each count. At the trial of the case, petitioner was represented by counsel.

It further appears from our examination of the records in the Supreme Court of Pennsylvania which we secured from the Prothonotary of that Court, that the petitioner filed a petition for a writ of habeas corpus in that Court on August 24, 1949.[1] On January 21, 1950, the Supreme Court of Pennsylvania entered the following order:

"The Petitioner, Joseph Lorenzo, who is serving two consecutive sentences of two and a half to five years each in the Western Penitentiary, which sentences were imposed by the Court of Quarter Sessions of Crawford County on May 26, 1948, alleges in his petition that he was held incommunicado in the Crawford County Jail for eight days, and subjected to face duress and coercion. He also avers that he was denied the privilege of being present when the verdict was delivered. These allegations are denied by the District Attorney of Crawford County. This petition and answer is remitted to the Court of Quarter Sessions of Crawford County so that the petitioner may have an opportunity to establish by evidence the material averments of his petition and so that the Commonwealth may have an opportunity to rebut this evidence. After hearing the evidence *that* Court will remit the record with the court's findings of fact to *this* Court, without delay. By the Court."

Pursuant to the above order, the Court of Quarter Sessions of Crawford County held a hearing on February 9, 1950. Petitioner was again represented by counsel

---

**1.** 1609 Misc.Docket 1949.

and was given an opportunity to prove his allegations affirmatively and to cross-examine the witnesses who appeared to deny the allegations of his petition. Based on the above hearing, the Court of Quarter Sessions of Crawford County filed the following findings of fact:

"1. Whether or not the relator was held incommunicado in the Crawford County Jail.

*"We find as a fact that he was not.*

"2. Whether or not the relator, Mr. Lorenzo, was subjected to duress and coercion.

*"We find that he was not.*

"3. Whether or not the relator, Mr. Lorenzo, was present when the verdict of the jury came in at Nos. 43–A and 43–B, May Sessions, 1948, in the Court of Quarter Sessions.

*"We find that he was."*

And in the discussion of these findings the court further stated that "there is no evidence to support the contentions of the relator on any of the three above issues except his own."

The above findings were filed on December 9, 1950 and on December 28, 1950 the Supreme Court of Pennsylvania dismissed the petition. The petitioner filed a petition for reargument on January 19, 1951 which was denied on January 25, 1951. The petition for a writ of certiorari to the Supreme Court of the United States was denied on March 12, 1951, 340 U.S. 949, 71 S.Ct. 530.

The contentions which the petitioner urges upon this court are the same as those raised in his petition to the Supreme Court of Pennsylvania. That Court, correctly and wisely, remitted the record to the court below for a hearing on those contentions which, if true, might warrant the granting of the writ. We have carefully read the sixty page official transcript of the proceeding before the Court of Quarter Sessions of Crawford County. No new matter has been introduced which would indicate that this court should again inquire into the manner in which the pe-

titioner is incarcerated. In Darr v. Burford, 1949, 339 U.S. 200, 215, 70 S.Ct. 587, 596, 94 L.Ed. 761, the Supreme Court of the United States held, "the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of coordinate powers." [2]

In the instant case, petitioner has had an opportunity to prove that the facts of his case warrant his release. A review of the entire record discloses that his contentions are without merit. Nothing constructive would be accomplished by granting a hearing on the petition in this court only to discover that which the record itself clearly discloses, viz., the petition must be denied.

Leave to file the petition for a writ of habeas corpus in forma pauperis is granted. It is ordered that the petition for a writ of habeas corpus is denied.

---

1. See also Commonwealth of Pennsylvania ex rel. Gibbs v. Ashe, D.C.W.D.Pa.1950, 93 F.Supp. 542.