## UNITED STATES ex rel. TROWBRIDGE v. COMMONWEALTH OF PENNSYLVANIA et al.

### Civ. A. No. 11006.

United States District Court
W. D. Pennsylvania.

Dec. 18, 1952.

Ezra C. Stiles, Jr., Pittsburgh, Pa., for petitioner.

MARSH, District Judge.

Robert Trowbridge filed a petition for a writ of habeas corpus and requested leave to proceed in forma pauperis. We ordered the petition filed in forma pauperis, issued a rule to show cause upon the Warden, and directed the District Attorney of Beaver County, Pennsylvania, to answer the allegations of the petition.

The petitioner alleges that the police of Beaver County forced him to sign a confession after severely beating him. He further avers that he was tricked into signing a plea of guilty by his attorney.

We have carefully examined the records of the state court submitted by the District Attorney of Beaver County in his answer. From the transcript of the proceedings following petitioner's plea of guilty, Exhibit D,[1] it appears that he had ample opportunity to present the facts to the state court. The petitioner and three witnesses testified on his behalf before sentence was passed. He pleaded guilty to the second and third counts of the indictment. The first count charging armed robbery was nolle prossed.

Petitioner also petitioned the state court for a writ of coram nobis, Exhibit A, which was denied December 19, 1951. On April 2, 1952, the Court of Common Pleas of Beaver County held a hearing on a petition for habeas corpus and denied the writ on April 25, 1952. A subsequent writ was denied by the same court on July 1, 1952.[2] No appeals were taken from these decisions. Petitioner avers that he was precluded from taking the appeal because of the requirement that he pay the filing fee of $12. He

1. Exhibits herein referred to are attached to the answer of the District Attorney.

2. A third petition for a writ of habeas corpus dated October 21, 1952, was not accepted by the Judge to whom it was addressed.

attached a letter from the Prothonotary of the Superior Court of Pennsylvania to the effect that $12 must accompany his appeal.

■ Assuming, without deciding, that defendant has exhausted his state court remedies, we find his petition to be without merit. The state court hearing on the writ of habeas corpus gave him an opportunity to present evidence that his constitutional rights had been violated. In the opinion of the state court, he failed to sustain his burden. The record clearly indicates the correctness of that decision.

Petitioner attached a copy of a letter from Dr. David H. Coffey which sets forth injuries observed by the doctor on examining him. The letter states petitioner told the doctor he received the injuries while in custody of the police. The testimony of a disinterested witness indicates, however, that the injuries were the result of a fall from a wall while petitioner was attempting to escape after the robbery. See Exhibit F, page 30.

■ But even if petitioner had been beaten to extract the confession, he would not be entitled to the writ, for the confession was not used against him. As stated, he entered a plea of guilty to the second and third counts of the indictment. His plea was not obtained under duress, for he states in his petition that he entered a plea of not guilty before a local justice of the peace. Also petitioner alleges that he was beaten on April 21, 1951. He was sentenced on June 25, 1951, which is over two months after the alleged beating. Thus any duress which might have been used, and we do not find this to be the fact, had ceased before petitioner was taken to court to sign the plea of guilty.[3]

■ After an examination of the record in this case, we are of the opinion that this court is not required to examine further

3. The plea was signed in the presence of petitioner's counsel which further negatives the averment of duress. The allegation that petitioner's counsel tricked him into signing a plea does not raise a federal question. Even if it were true, it would not stamp the sentence as a farce and mockery of justice. Compare

into the merits because they have already been decided against petitioner. See Darr v. Burford, 1939, 339 U.S. 200, 215, 70 S.Ct. 587, 94 L.Ed. 761; Com. of Pa. ex rel. Gibbs v. Ashe, D.C.W.D.Pa.1950, 93 F. Supp. 542; United States ex rel. Lorenzo v. Com. of Pa., D.C.W.D.Pa.1951, 108 F. Supp. 581, affirmed 1951, 192 F.2d 576.

The rule to show cause is discharged and the petition for writ for habeas corpus is denied.

Moore v. Dempsey, 1923, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Powell v. State of Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002.