Commonwealth ex rel. Stepper, Appellant,
*v.* Banmiller.

Argued April 24, 1958. Before Jones, C. J., Bell, Musmanno, Arnold, Jones and Cohen, JJ.

*Paul Norman Gardner,* for appellant.

*William J. Kearney,* First Assistant District Attorney, with him *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 26, 1958:

Relator appeals from the order of the Court of Common Pleas of Lackawanna County dismissing his petition for a writ of habeas corpus. He is now serving a sentence of life imprisonment imposed upon him for the killing of his wife.

On January 21, 1952, the day of the killing, a warrant for his arrest was issued; and on January 23rd he waived hearing before the committing magistrate and was committed to jail. Having been thereafter indicted for murder, relator, in the presence of his able counsel, entered a plea of guilty on January 30, 1952. Because of the absence of one of the members of the court en banc, sentencing was delayed, and defendant was again brought before the court on March 4, 1952. After three days of very searching testimony, the court en banc sentenced him to life imprisonment. Of the court en banc all agreed that he was guilty of first degree murder; two of the judges fixed the penalty imposed, and the third judge declared that he would have imposed the death penalty.

Relator raises numerous questions on this appeal, all of which are without foundation or merit. The record, which we have read in its entirety, fully establishes that his guilt of murder in the first degree was proved beyond a reasonable doubt, and he is indeed fortunate that he escaped the penalty of death.

Practically all of relator's argument is directed at matters forming only the subject of appeal from the original proceedings; and, as must be recognized, habeas corpus is not a substitute for appeal: *Commonwealth ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d

799. See also *Commonwealth ex rel. Kennedy v. Mingle,* 388 Pa. 54, 130 A. 2d 161. For that reason, those matters will not be considered in this opinion.

Relator contends that he ". . . was erroneously charged with an offense for which no warrant issued until several days after arrest . . ." Yet, the record definitely discloses that the warrant for his arrest issued on the very day of the killing, and that he was given preliminary hearing two days later. Between the time of the issuance of the warrant and his commitment, he had been hospitalized as a result of an unsuccessful attempt of suicide.

He next contends that he ". . . did not waive his fundamental constitutional rights, knowingly, to trial by jury . . ." Again, the record discloses the contrary. Upon his indictment, able counsel of his choosing was appointed by the court below; and such counsel even succeeded in obtaining evidence in the possession of the Commonwealth. On January 30, 1952, in open court and with his counsel present, relator entered a plea of guilty to murder generally, declaring, after full examination by the court, that he knew the meaning and effect of such action. Because of the absence of one of the judges of the court en banc, sentencing was delayed, without objection and with approval of relator's counsel, until March 4, 1952. The record clearly refutes any attack made upon the court's acceptance of his plea; and there was no denial of his right to be tried by a jury. His contention that the acceptance of his plea was also erroneous because he had not *signed* the plea is also unfounded. "Signature to the pleas, upon the bills of indictment by relator, while desirable, was not an indispensable prerequisite to the validity of the pleas": *Commonwealth ex rel. Gibbs v. Ashe,* 165 Pa. Superior Ct. 35, 38, 67 A. 2d 773, certiorari denied 338 U. S. 880, 94 L. Ed. 540, 70 S. Ct.

151; certiorari denied 339 U. S. 961, 94 L. Ed. 1371, 70 S. Ct. 993.

Prior to sentence, three days were consumed in a full and fair presentation of testimony, with no apparent errors by the court, which established his guilt of murder in the first degree beyond any reasonable doubt. In the course thereof, defendant took the stand, and, in addition, presented testimony of medical and lay witnesses in his behalf. He now attacks the use of a written confession and of tape recordings of his statements, all of which were fully identified. Further, the confession having been offered, relator's counsel declared: "We have no objection." There is absolutely no basis for this contention, even though this were an appeal from the conviction.

The remaining question raised by relator is that he was not given ". . . an opportunity to speak on his own behalf before sentence was imposed." But, as we have heretofore pointed out, the court proceeded to a full hearing, of three days' duration, in the course of which the relator took the stand and was thoroughly and fairly examined, and also presented the testimony of expert and lay witnesses in his own behalf. Not only was there no request by relator or his counsel that he be given further opportunity to speak, but he had fully presented his case, and all safeguards for the protection of his rights had been provided.

Relator is merely "grabbing at straws" to attack what was a full and fair hearing followed by—fortunately for him—a properly imposed life sentence.

Order affirmed.