**Nathaniel S. NASH**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 38354.**

United States District Court
E. D. Pennsylvania.
July 26, 1965.

Nathaniel S. Nash pro se.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for defendant.

WOOD, District Judge.

The Petitioner is in Federal custody presently serving an eight-year sentence pursuant to his conviction for mail theft and other related offenses. On March 29, 1963, he was Arraigned with counsel and *pleaded guilty* to the four-count Indictment. Thereafter, on May 14, 1963, a sentence of two years was imposed on each Count to run consecutively.

Now, the Petitioner seeks his release under 28 U.S.C.A. § 2255 claiming that his constitutional rights were infringed. He alleges in his Motion that he signed a statement admitting his guilt because he was told by the F.B.I. that if he did not cooperate he would be punished and sent to jail for a long prison term.

There is no need to inquire into the merits of this allegation because the allegedly coerced statement was never introduced into evidence against Mr. Nash. United States ex rel. Trowbridge v. Commonwealth of Pennsylvania et al., 112 F.Supp. 356, 357 (W.D.Pa.1952) aff'd 204 F.2d 689 (3 Cir. 1953).

The Petitioner further contends that at the Commissioner's hearing on May 14, 1963, he was never advised of his constitutional rights and denied the opportunity to retain counsel. These allegations are specifically refuted by the Commissioner's Docket No. 23–16760 which reflects that Mr. Nash was advised of his constitutional rights and his right to retain an attorney.

Finally, the Petitioner's remaining ground is similarly without merit. He claims that he was under the mistaken impression from his counsel that he would not be sentenced to a term of imprisonment in excess of five years. A plea of guilty does not cease to be voluntary merely because the defendant was unaware of the fact that he was subject to a more severe penalty than he expected. United States v. Shneer, 194 F.2d 598, 600 (3 Cir. 1952); United States v. McClellan, 194 F.Supp. 128, 130 (W.D. Pa. 1960) aff'd 289 F.2d 319 (3 Cir. 1961).

## ORDER

And now, this 26th day of July, 1965, the motion of Nathaniel S. Nash to vacate and set aside his sentence is Denied.