## Commonwealth ex rel. Dillinger, Appellant, *v.* Russell.

Submitted March 15, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert E. Dillinger,* appellant, in propria persona.

*Thomas P. Ruane, Jr.,* First Assistant District Attorney, and *John R. Hoye,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

This appeal arises from the dismissal, without hearing, of appellant's petition for a writ of habeas corpus. We are of the view that the petition is without merit and affirm the action of the court below.

In his petition for habeas corpus, appellant challenges his conviction on the ground, inter alia, that his conviction of murder in the second degree, following the entry of a plea of guilty to the charge of murder generally, was a nullity by reason of his failure to execute a written waiver of a jury trial.

The record discloses that appellant was brought to trial on a bill of indictment charging murder. During the course of voir dire, counsel for appellant informed the court that appellant desired to change his plea and requested leave to enter a plea of guilty. The trial judge thereupon examined appellant and, having satisfied himself that the plea was voluntarily and understandingly made, permitted the plea to be entered. A hearing was held to determine the degree of guilt and appellant was adjudged guilty of murder in the second degree and sentenced to a term of imprisonment of 10 to 20 years.

In considering appellant's contention that the failure to execute a written waiver of jury nullified the proceedings leading to his conviction, we start with the proposition that a plea of guilty to a criminal charge, once accepted and entered by the court, is deemed a confession of guilt. *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa. 81, 86, 202 A. 2d 299, 302 (1964); cf. *Commonwealth v. Simmons*, 361 Pa. 391, 402, 65 A. 2d 353, 358-59 (1949). Accordingly, under Section 701 of The Penal Code of June 24, 1939, P. L. 872, 18 P.S. §4701, the degree of guilt, following the entry of a plea of guilty to the charge of murder generally, is determined by the court, not a jury. *Commonwealth v. Cole*, 384 Pa. 40, 46, 119 A. 2d 253, 256 (1956). Thus, in the instant case, no written waiver of jury was required, since the effect of appellant's guilty plea was to remove the need for and appellant's right to trial by jury. *Commonwealth ex rel. Crosby v. Rundle*, supra; *Commonwealth v. Kirkland*, 413 Pa. 48, 53, 195 A. 2d 338, 340 (1963); *Commonwealth v. Cole*, 384 Pa. 40, 46, 119 A. 2d 253, 256 (1956); cf. *Commonwealth ex rel. v. Ashe* [sic], 44 Pa. D. & C. 337, 339-41 (O. & T. Juniata Co. 1942).

Appellant also challenges the validity of the guilty plea on the ground that it was not personally endorsed upon the bill of indictment. As this Court has previously held, appellant's signature to the plea, upon the bill of indictment, while desirable, is not indispensable to the validity of the plea. *Commonwealth ex rel. Stepper v. Banmiller*, 393 Pa. 1, 3-4, 141 A. 2d 573, 575, cert. denied, 358 U.S. 868, 79 S. Ct. 100 (1958); *Commonwealth ex rel. Gibbs v. Ashe*, 165 Pa. Superior Ct. 35, 38, 67 A. 2d 773, 774, cert. denied, 338 U.S. 880, 70 S. Ct. 151 (1949). The record discloses that appellant, in open court and in the presence of his counsel, entered his plea of guilty to the murder indictment. Under such circumstances, appellant's failure to en-

dorse the indictment may not impeach the validity of the plea. Cf. *Commonwealth ex rel. Stepper v. Banmiller*, supra.

We have examined the other contentions advanced by appellant and find them equally without merit.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.