**Richard Daniel CARPENTER Plaintiff,**

v.

**Frank G. SAIN, Sheriff of Cook County, Illinois, Defendant.**

**Undocketed September Term, 1958.**

United States Court of Appeals Seventh Circuit.

Dec. 17, 1958.

Daniel C. Ahern, Chicago, Ill., for plaintiff.

Benjamin S. Adamowski, State's Atty., and Edwin A. Strugala, Ass't. State's Atty., Chicago, Ill., for defendant.

Before FINNEGAN, SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Richard Daniel Carpenter, represented by his attorney, Daniel C. Ahern, has presented a petition praying that a certificate of probable cause be issued, in order to permit him to appeal from an order entered by the chief judge of the district court denying a petition for a writ of habeas corpus filed by said Carpenter against Frank G. Sain, sheriff of Cook County, Illinois.

On oral argument, petitioner's attorney today contended that, in a proceeding filed by Carpenter's sister in the Criminal Court of Cook County, Illinois, to determine the sanity of Carpenter, said to have become insane after his trial and conviction for murder, the Criminal Court erroneously permitted the state's attorney to inquire of prospective jurors concerning their religious or conscientious scruples in regard to the death sentence, thus depriving Carpenter of due process of law. This point was presented to the Illinois Supreme Court on an appeal attacking the verdict of the jury finding Carpenter sane. That court held that said questions, put to the prospective jurors, did not constitute a violation of due process. People v. Car-

penter, 13 Ill.2d 470, 476, 150 N.E.2d 100.

Also on oral argument, Carpenter's counsel contended that because the State was permitted to have three psychiatrists examine Carpenter and later permitted their testimony at the hearing, there was a violation of due process of law. The Illinois Supreme Court found, supra, at page 481 of 13 Ill.2d at page 103 of 150 N.E.2d, that these facts did not disclose that Carpenter failed to receive a fair and impartial hearing in accordance with the federal constitution.

The record before us discloses Carpenter received a fair and impartial hearing in accordance with the constitution of the United States.

We find no probable cause for an appeal, and, therefore, a certificate of probable cause is denied.