(Nos. 40565, 40906 cons.—
THE PEOPLE *ex rel.* Glenn Lane, Appellant, *vs.* FRANK J. PATE, Warden, *et al.*, Appellees.—(THE PEOPLE *ex rel.* Glenn Lane *et al.*, Petitioners, *vs.* FRANK J. PATE, Warden, *et al.*, Respondents.)

*Opinion filed January 19, 1968.*

ROBERT WEINER and BRUCE I. GORDON, both of Springfield, for appellant and petitioners.

WILLIAM G. CLARK, Attorney General, of Springfield, and GEORGE R. KENNEDY, State's Attorney, of Peoria, (FRED G. LEACH, Assistant Attorney General, of counsel,) for appellees and respondents.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An indictment charging Glenn Lane and James Worlow, hereafter defendants, with burglary and larceny was returned by the grand jury of Peoria County. The defendants' motion for a change of venue from Peoria County because of prejudicial newspaper publicity was granted, and the case was transferred to Putnam County. After a jury trial in the circuit court of Putnam County the defendants were found guilty, and sentenced to the penitentiary.

Two cases involving the same contentions with respect to these judgments of conviction are pending in this court, and they have been consolidated. No. 40565 is an appeal by Glenn Lane from a judgment of the circuit court of Will County which dismissed his petition for *habeas corpus*. In

No. 40906 we granted leave to file an original petition for *habeas corpus* filed on behalf of both defendants by their attorneys.

The defendants contend that there is nothing of record to indicate either (1) that the petitioners were furnished with copies of the indictment returned in Peoria County or (2) that the trial in Putnam County was upon that indictment. They also contend that the record does not show that the indictment was returned in open court, or that the defendants were furnished with copies of it. And they assert that because the verdict upon which the judgments were entered was signed only by the foreman of the jury, the judgments are void.

They base these contentions upon the following circumstances: "(1) that there is no file stamp on the Indictment No. 9641 indicating that the indictment was filed by the Clerk of the Circuit Court of Peoria County; (2) that there is similarly no file stamp on the aforementioned indictment to indicate a filing thereof by the Clerk of the Circuit Court of Putnam County; (3) that the sole indication of the filing of the document in Putnam County is the handwritten notation purportedly of the Circuit Clerk; (4) that, if taken as true, the latter notation shows that the indictment was not filed until February 7, 1964, some ten (10) days after the rendition of a verdict of guilty in the trial of the petitioners; (5) that one of the petitioners, after his incarceration in the Illinois State Penitentiary pursuant to this conviction, upon request, was furnished with a second document purporting to be the indictment upon which he was tried."

The record of the proceedings at the trial of the defendants has been filed in this court as an exhibit in the original *habeas corpus* action, and it shows that the contentions of the defendants are totally without merit. When the defendants' motion for a change of venue was granted and the case was transferred to Putnam County, the trial judge

ordered "that the Clerk of this Court shall make a full transcript of the record and proceedings herein * * *, and transmit the same together with all papers filed in the case including the indictment and recognizance of the defendants and of any of the witnesses to the Clerk of the Circuit Court of Putnam County."

The record contains the certificate of the Clerk of the circuit court of Peoria County to the record of the proceedings that took place in that county, and shows by the certificate of the circuit court of Putnam County that the Peoria record was filed on January 10, 1964, in the circuit court of Putnam County. It is immaterial that handwritten notations rather than time stamps were used in noting the date of the filing of the indictment in Peoria County, and the date the Peoria record was filed in Putnam County. The record shows affirmatively that both defendants were furnished copies of the indictment. That the proceedings in Putnam County bear a Putnam County number, 64—F —1, instead of the Peoria County number, 9641, is also immaterial. The copy of the indictment which the defendant, Glenn Lane, says was furnished to him by the penitentiary authorities is obviously spurious and has no bearing upon the contentions raised in this case.

The defendants' assertion that the Peoria indictment was not filed in Putnam County until February 7, 1964, after the defendants had been found guilty, is based upon a certificate of the clerk of the circuit court of Putnam County, dated September 6, 1967, which recites that the document certified is a copy of the Peoria County indictment filed "in Putnam County Circuit Court Feb. 7, 1964 in the case of People v. State of Illinois v. Glenn Lane and James Worlow No. 64—F—1." The reverse side of the copy of the indictment so certified bears the following handwritten notation: "Feb. 7, 1964 Olive Studyvin Clerk." There is no such notation on the original indictment which is included in the record that came from Peoria County.

The circumstances under which a separate copy of the indictment was filed on February 7, 1964, are not explained. Whatever they may be, they do not controvert the fact that the original indictment was included in the record of the proceedings in the circuit court of Peoria County which was filed in the circuit court of Putnam County on January 10, 1964.

The defendants' contention that the convictions are nullities because the verdict was signed only by the foreman of the jury is not supported by any relevant authority. There is no reference to any statutory requirement governing the return of a verdict. The contention is based solely upon the unreported decision of the appellate court in *City of Chicago* v. *Gilbert,* 335 Ill. App. 568, 82 N.E.2d 74 (1948), in which a misdemeanor conviction was reversed because the record showed that the verdict was signed by jurors other than those who were impaneled and sworn to try the case. The record in the present case recites that the individual jurors were polled immediately upon the return of the verdict, and that each juror stated that the verdict returned "was and is now his or her verdict."

In No. 40565 the judgment of the circuit court of Will County is affirmed. In No. 40906 the writ of *habeas corpus* is quashed.

*Judgment affirmed and writ quashed.*