Neil A. **WOODINGTON**, Petitioner-Appellant,

v.

James W. **MATHEWS**, Respondent-Appellee.

No. 16651.

United States Court of Appeals Seventh Circuit.

Sept. 20, 1968.

Clarence G. Bylsma, Richard J. Callaway, Madison, Wis., for appellant.

Bronson C. La Follette, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for appellee.

Before CASTLE, Chief Judge, and SWYGERT and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner-appellant, Neil A. Woodington, seeks a Writ of Habeas Corpus, having been found guilty by a jury, in the Circuit Court of Wisconsin, of a violation of the Wisconsin Securities Law, Section 189.19(2) (d). During and after the trial, numerous motions, petitions and writs were sought in the Circuit Court, Wisconsin Supreme Court and a petition for a writ of certiorari was sought in the United States Supreme Court. All of these motions were denied.

An appeal was filed in the Wisconsin Supreme Court and a full hearing on the merits was had. The judgment of the trial court was unanimously affirmed. State v. Woodington, 31 Wis.2d 151, 142 N.W.2d 810 (1966), rehearing denied, 31 Wis.2d 151, 143 N.W.2d 753, appeal dismissed and certiorari denied, 386 U.S. 9, 87 S.Ct. 854, 17 L.Ed.2d 699 (1967).

A petition for a Writ of Habeas Corpus was filed in the District Court for the Western District of Wisconsin and was denied. It was followed by a motion for a Certificate of Probable Cause in November, 1967, which was granted and it is upon this certificate that the matter is before this court.

Each of the grounds urged here for reversing the judgment order of the district court were identically urged and argued in full on their merits in the appeal before the Wisconsin Supreme Court. The unanimous opinion of that court carefully considered and correctly rejected each of the grounds alleged.

■ Where a state court has considered the merits of an appeal and the United States Supreme Court has declined to review the court's decision by way of certiorari, a federal court will not ordinarily reexamine the questions thus adjudicated upon a Writ of Habeas Corpus. Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572 (1943), Brown v. Allen, 344 U.S. 443, 465, 73 S.Ct. 397, 411, 97 L.Ed. 469 (1952) rehearing denied 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370 (1953):

> As the state and federal courts have the same responsibilities to protect persons from violations of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies.

In Speller v. Allen, 192 F.2d 477 (4th Cir. 1951), affirmed 344 U.S. 443, 73 S. Ct. 397, 97 L.Ed. 469, rehearing denied 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370, the Court of Appeals, at page 478, quotes its language stated previously in Stonebreaker v. Smyth, 163 F.2d 498 (4th Cir. 1947) which is most applicable to the case before the court:

> We are confronted at the outset with the fact that the case presented by petitioner is precisely the same as that in which relief was denied by the Virginia courts and in which certiorari was denied by the Supreme Court of the United States. The rights of petitioner were fully presented in that case and the Virginia courts had full power to grant the relief asked, had they thought petitioner entitled to it. The facts were fully before the Supreme Court of the United States on certiorari; and proper respect for that court compels the conclusion that if it had thought that the record showed a denial of petitioner's constitutional rights, certiorari would have been granted and petitioner would have been afforded relief. While action of the Virginia courts and the denial of certiorari by the Supreme Court were not binding on the principle of res judicata, they were matters entitled to respectful consideration by the court below; and in the absence of some most unusual situation, they were sufficient reason for that court to deny a further writ of habeas corpus. It would be intolerable that a federal district court should release a prisoner on habeas corpus after the state courts have refused him relief in precisely the same case on a similar writ and the United States Supreme Court has refused to review their action on certiorari. This would be, in effect, to permit a federal district court to review the Supreme Court of the United States as well as the highest court of the state.

Cases also applicable are United States ex rel. Lorenzo v. Pennsylvania, 108 F. Supp. 581 (D.Pa.1951), affirmed per curiam, 3 Cir., 192 F.2d 576; United States ex rel. Gawron v. Ragen, 211 F.2d 902 (7th Cir. 1954); Carpenter v. Sain, 263 F.2d 330 (7th Cir. 1958).

■ While binding weight need not be attached to the state court's determination, the federal court may accept such determination in the absence of a vital flaw. Fay v. Noia, 372 U.S. 391, 422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). However, before the determination may be accepted, the federal courts must review the state proceedings (as done in *Speller*) in order to ascertain that all federal standards have been met.

The nature of this review was spelled out in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), which was decided contemporaneously with Fay v. Noia, supra. The court held, 372 U.S. at 312–313, 83 S.Ct. at 757:

* * * The appropriate standard— which must be considered to supersede, to the extent of any inconsistencies, the opinions in Brown v. Allen—is this: Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

The court then set out specific standards which were subsequently enacted by Congress as an amendment to 28 U.S.C. § 2254, the pertinent portion of which states, 28 U.S.C. § 2254(d) (1966):

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits in the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the appli-

cant to establish by convincing evidence that the factual determination by the State court was erroneous.

Our examination of the transcript of the proceedings before the district court shows that these requirements were fully complied with both in the district court and in the Wisconsin courts.

However, the factual determinations are not all that is required. *Townsend* also requires us to carefully review the determinations of law to assure that the proper federal, not state, standards have been applied. This is of special import in a case such as the one before us where virtually all the issues raised by the petitioner present federal constitutional questions. In *Townsend*, the court held further, 372 U.S. at 318, 83 S.Ct. at 760:

> *Second.* Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be given binding weight on habeas. That was settled in Brown v. Allen, supra, 344 U.S. at 506, 73 S.Ct. at 445 (opinion of Mr. Justice Frankfurter).

■ The transcript shows that the Honorable Judge Tehan carefully reviewed each of the issues presented in the light of federal law. His opinion painstakingly presented and discussed each of the issues and decided that they had been correctly determined by the Wisconsin Supreme Court on the basis of *federal* law. We have reviewed his findings of law and the opinion of the Wisconsin Supreme Court and concluded that both have treated each of the issues urged before this court and reached the correct results for the correct reasons with persuasive supporting citations.

Accordingly, the judgment order of the district court is affirmed.

Affirmed.