411 F.2d 972
 UNITED STATES of America ex rel. James L. WORLOW, Petitioner-Appellant,
v.
Frank J. PATE, Warden, Illinois State Prison, et al.,
Respondents-Appellees.
UNITED STATES of America ex rel. Glenn LANE, Petitioner-Appellant,
v.
Frank J. PATE, Warden, Illinois State Prison, et al.,
Respondents-Appellees.
 Nos. 16970, 17239.
 United States Court of Appeals Seventh Circuit.
 June 10, 1969, Rehearing Denied July 16, 1969.
 
 Holland C. Capper, Chicago, Ill., for appellant.
 William J. Scott, Atty. Gen., Chicago, Ill., for appellees, James R. Thompson, Thomas J. Immel, Asst. Attys., Gen., of counsel.
 Before CASTLE, Chief Judge, MAJOR, Senior Circuit Judge, and KERNER, Circuit Judge.
 CASTLE, Chief Judge.
 
 
 1
 Petitioners were co-defendants in a state prosecution for larceny and burglary, in which they were convicted and sentenced to terms of fifteen to twenty-five years. Thereafter they were co-petitioners in a state habeas corpus proceeding in which the Illinois Supreme Court affirmed their convictions. People ex rel. Lane v. Pate, 39 Ill.2d 115, 233 N.E.2d 554 (1968). Petitioners then separately petitioned in the district court for writs of habeas corpus, alleging, as they had unsuccessfully done in the Illinois Supreme Court, various constitutional errors including that the indictments were neither filed against nor served upon them prior to their trial, and that the jury was never polled and the verdict never signed. The district court denied both petitions and this court granted a certificate of probable cause and consolidated the appeals.
 
 
 2
 In denying the petitions, the district court neither ordered the state court record produced nor conducted an evidentiary hearing. The State contends that neither the record nor a hearing was necessary to the district court's disposition since the Illinois Supreme Court had given petitioners a full and fair hearing on the same questions of fact raised in the petitions, as evidenced by the opinion of that court in People ex rel. Lane v. Pate, supra. Thus, the state argues, the district court was justified in summarily presuming the correctness of the opinion and findings of the state court, as established by 28 U.S.C. 2254(d).
 
 
 3
 However, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), cited by both parties to the instant case, does not permit a federal district court to accept a state court's findings of fact on the sole basis of an appellate opinion. The Supreme Court in Townsend held that, where findings of fact are in dispute, an evidentiary hearing must be held by the district court if the habeas applicant did not receive a full and fair hearing in a state court. 372 U.S. at 312-313, 83 S.Ct. at 757. Thus, it is incumbent upon the district judge to determine whether a proper state hearing has been held. In this regard, the Supreme Court stated:
 
 
 4
 'A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record. Ordinarily such a record-- including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents-- is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings. See United States ex rel. Jennings v. Ragan, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296; Townsend v. Sain, 359 U.S. 64, 79 S.Ct. 655, 3 L.Ed.2d 634. Of course, if because no record can be obtained the district judge has no way of determining whether a full and fair hearing which resulted in findings of relevant fact was vouchsafed, he must hold one. So also, there may be cases in which it is more convenient for the district judge to hold an evidentiary hearing forthwith rather than compel production of the record. It is clear that he has the power to do so.' 372 U.S. at 319, 83 S.Ct. at 760.
 
 
 5
 Therefore, if the district judge determines 'that the habeas applicant was afforded a full and fair hearing by the State court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing.' 372 U.S. at 318, 83 S.Ct. at 760. However, the Supreme Court further held that the state-court record was ordinarily 'indispensible' to the district court's making that determination. A published appellate opinion cannot alone be a substitute for a state-court record, since it would not contain evidence of those constitutional errors at which the writ of habeas corpus is directed.[1]
 
 
 6
 Indeed, to allow district courts to rely solely on such opinions would, where findings of fact are contested, emasculate the writ. Thus, since state prisoners must exhaust their state remedies before they can obtain federal review, there would of necessity always be a state court finding or opinion which would have determined the general issues, raised in the federal habeas application, adversely to the petitioner. The federal court may accept the state court's findings of fact,[2] but only if it determines, by an independent view of the record, that those findings were the result of a 'full and fair hearing.' Such a requirement does not conflict with the provisions of 28 U.S.C. 2254(d). See Woodington v. Mathews, 401 F.2d 125, 127 (7th Cir. 1968). Accordingly, we hold that the district court's denial of the petitions for writs of habeas corpus in the instant case, without having compelled production of the state court record to determine whether petitioners' contentions were fully and fairly dealt with by the state court, was error.
 
 
 7
 Petitioners further contend on appeal that the district court erred in not appointing counsel to assist them in preparing their petitions to that court. The courts have consistently held, however, that although the right to counsel has been expanded, it does not necessarily include the right of a prisoner to have an attorney prepare collateral attacks in post-conviction proceedings. Thus, while appointment of counsel in habeas corpus proceedings may be required in certain cases, Campbell v. United States, 318 F.2d 874 (7th Cir. 1963), Milani v. United States, 319 F.2d 441 (7th Cir. 1963), 'appointment of counsel for indigents in habeas corpus and section 2255 proceedings rests in the sound discretion of the district court unless denial would result in fundamental unfairness impinging on due process rights.' LaClair v. United States, 374 F.2d 486, 489 (7th Cir. 1967).[3]
 
 
 8
 Moreover, the Supreme Court recently noted with approval the practice of most federal courts to appoint counsel in post-conviction proceedings only after the court determines 'that issues are presented calling for an evidentiary hearing.' Johnson v. Avery, 393 U.S. 483, 487, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969). Under the facts presented by the instant case, the district court acted within its discretion in refusing to appoint counsel to assist petitioners in the preparation of their petitions before that court.
 
 
 9
 Therefore, the judgments of the district court denying the petitions for writs of habeas corpus are vacated and the cases remanded with directions to compel production of the state court record in order to determine whether petitioners were given a full and fair hearing in the state court.
 
 
 10
 This court expresses its appreciation to Holland C. Capper, a member of the Chicago, Illinois bar, for his excellent services on appeal as court-appointed attorney for petitioners.
 
 
 11
 Vacated and remanded.
 
 
 12
 MAJOR, Senior Circuit Judge (concurring in part and dissenting in part).
 
 
 13
 I concur in the majority opinion insofar as it holds that 'the district court acted within its discretion in refusing to appoint counsel to assist petitioners prepare their petitions before that court.' I dissent from that portion which holds that the district court erred in denying petitions for issuance of writs of habeas corpus 'without having compelled production of the state court record to determine whether petitioners' contentions were fully and fairly dealt with by the state court.'
 
 
 14
 Before agreeing to such a result, which in my view is calculated to be a mischief-maker as a precedent, I would have to be convinced to a certainty that such a result is required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, much relied upon by Judge Castle. I have read and reread that opinion and I am not so convinced; in fact, the court there recognized that district judges were not required to grant evidentiary hearings in all cases. The court stated (page 318, 83 S.Ct. p. 760):
 
 
 15
 'Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently.'
 
 
 16
 In the instant situation we have an opinion of the Supreme Court of Illinois, People ex rel. Glenn Lane et al. v. Pate, Warden et al., 39 Ill.2d 115, 233 N.E.2d 554, which incorporates its findings of fact on issues substantially identical with those relied on here.
 
 
 17
 The issues here raised by petitioners upon which they claim they were entitled to a hearing and a production of the state court record, as shown by the majority opinion, were 'that the indictments were neither filed against nor served upon them prior to their trial, and that the jury was never polled and the verdict never signed.' In addition, petitioners allege in their petition, 'The verdict was signed by only the foreman * * *.'
 
 
 18
 In the Illinois Supreme Court case, Lane appealed from a judgment of the Circuit Court of Will County which dismissed his petition for habeas corpus. Thereupon, the Supreme Court granted leave to file an original petition for habeas corpus on behalf of Lane and Worlow, both of whom were represented by attorneys. The issues before the Supreme Court and the contentions advanced in support thereof are stated in its opinion as follows (page 555, 223 N.E.2d):
 
 
 19
 'The defendants contend that there is nothing of record to indicate either (1) that the petitioners were furnished with copies of the indictment returned in Peoria County or (2) that the trial in Putnam County was upon that indictment. They also contend that the record does not show that the indictment was returned in open court, or that the defendants were furnished with copies of it. And they assert that because the verdict upon which the judgments were entered was signed only by the foreman of the jury, the judgments are void.'The court's opinion evidences that each issue raised by defendants and their arguments in support thereof were considered and rejected. The court stated (page 556):
 
 
 20
 'The record of the proceedings at the trial of the defendants has been filed in this court as an exhibit in the original habeas corpus action, and it shows that the contentions of the defendants are totally without merit.'
 
 
 21
 The court specifically found (1) 'The record shows affirmatively that both defendants were furnished copies of the indictment'; (2) '* * * the original indictment was included in the record of the proceedings in the circuit court of Peoria County which was filed in the circuit court of Putnam County on January 10, 1964,' and (3) 'The record in the present case recites that the individual jurors were polled immediately upon the return of the verdict, and that each juror stated that the verdict returned 'was and is now his or her verdict'.' The court also concluded (page 556):
 
 
 22
 'The defendants' contention that the convictions are nullities because the verdict was signed only by the foreman of the jury is not supported by any relevant authority.'
 
 
 23
 Thus, every factual issue raised by petitioners in the instant proceeding has been considered and found adversely to them by the Illinois court. Notwithstanding this, the case is to be returned to the district judges 'to determine whether petitioners' contentions were fully and fairly dealt with by the state court.' In doing so, the district judges will be required to examine and evaluate the same trial court record as that which the Supreme Court had before it. The majority opinion will cast an additional burden on district judges in this and perhaps other cases, for which, in my view, there is no logical or legal basis.
 
 
 
 [1]
 This is particularly appropriate in the instant case, where both petitioners alleged in the district court that 'the opinion rendered by the Supreme Court of Illinois is completely contrary to the certified record of the case,' and that petitioners had never been furnished with the entire record
 
 
 [2]
 Of course, a district court 'may not defer to its (the state court's) findings of law.' Townsend v. Sain, supra, 372 U.S. at 318, 83 S.Ct. at 760. See also Brown v. Allen, 344 U.S. 443, 506, 73 S.Ct. 397, 97 L.Ed. 469 (1953)
 
 
 [3]
 See also Evans v. United States, 408 F.2d 369 (7th Cir. No. 17034, March 17, 1969); Mitchell v. United States, 359 F.2d 833, 835 (7th Cir. 1966); United States ex rel. Manning v. Brierley, 392 F.2d 197 (3d Cir. 1968); Ratley v. Crouse, 365 F.2d 320 (10th Cir. 1966); United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2d Cir. 1964); Dillon v. United States, 307 F.2d 445 (9th Cir. 1962)