437 F.2d 909
 UNITED STATES of America ex rel. James L. WORLOW, Petitioner-Appellant,
v.
Frank J. PATE, Warden, Illinois State Prison, et al.,
Respondents-Appellees.
UNITED STATES of America ex rel. Glenn LANE, Petitioner-Appellant,
v.
Frank J. PATE, Warden, Illinois State Prison, et al.,
Respondents-Appellees.
 Nos. 18274, 18275.
 United States Court of Appeals, Seventh Circuit.
 Jan. 25, 1971.
 
 Holland C. Capper, Chicago, Ill., for petitioners-appellants.
 Thomas J. Immel, Asst. Atty. Gen., William J. Scott, Atty. Gen., Robert E. Davison, Joel M. Flaum, Asst. Attys. Gen., Chicago, Ill., for respondents-appellees.
 Before MAJOR and HASTINGS, Senior Circuit Judges, and KILEY, Circuit judge.
 HASTINGS, Senior Circuit Judge.
 
 
 1
 We have before us for the second time separate appeals by Glenn Lane (No. 18274) and James L. Worlow (No. 18275), two prisoners of the State of Illinois, from the denial of their federal habeas corpus petitions. These denials followed a remandment by this court in United States ex rel. Worlow v. Pate, 7 Cir., 411 F.2d 972 (1969).[1]
 
 
 2
 A complete record of the state and federal proceedings to and including the remandment is set out in the prior opinion of this court and need not be repeated here. We merely point out that by a divided vote, Senior Judge Major dissenting, a panel of this court vacated the judgments below and remanded with directions to the district court 'to compel production of the state court record in order to determine whether petitioners were given a full and fair hearing in the state court.'
 
 
 3
 Upon remand, the state court record was requested and furnished to the district court and counsel for petitioners was notified in writing of this action.[2]
 
 
 4
 The record shows that after Judge Hoffman received the state court record on September 10, 1969 he made an independent examination of it and sixteen days later, on September 26, 1969, determined that appellant Worlow had received a full and fair hearing in the state courts and denied his habeas petition.
 
 
 5
 The state court record was then delivered to Judge Perry, who advised counsel for Lane on October 27, 1969 that he was welcome to look at the record. Judge Perry made his independent examination of the record and on December 3, 1969 denied Lane's habeas petition.
 
 
 6
 Each petitioner appealed from respective orders of denial. We ordered them consolidated for hearing and, after consideration of the record, briefs and oral argument, affirm such denials.
 
 
 7
 In Worlow's case, he contends that Judge Hoffman erred in denying his habeas petition, after an in camera inspection of the state court record, without any notice to his court-appointed counsel and without giving counsel any right to examine the state court record or to make any written or oral argument on his behalf. A subsequent motion to vacate and set aside the order of denial was denied.
 
 
 8
 In Lane's case, he contends that Judge Perry, although having invited counsel to inspect the record, erred in denying his habeas petition, after an in camera inspection of the state court record, without giving his court-appointed counsel the right to make any written or oral argument in his behalf. A subsequent motion to vacate and set aside the order of denial was denied.
 
 
 9
 Appellants claim too much. These cases were remanded by our court with directions to compel the production of the state court record in order that the district courts could then determine whether petitioners were given a full and fair hearing in the state court. This remandment was fully complied with by the district courts. We gave no direction to the courts to conduct a hearing. The independent examination by each district judge and the determination made was true to our mandate.
 
 
 10
 Counsel for appellant Worlow never at any time requested Judge Hoffman to permit him to inspect the state court record to make any argument or presentation on behalf of Worlow. Further, as to Lane, the same counsel never at any time availed himself of the opportunity to inspect the state court record while it was held by Judge Perry and never requested the opportunity to make any argument or presentation on behalf of Lane. Counsel's excuse for his inaction was lack of time 'because of the press of professional engagements.' This belated explanation leaves us unpersuaded.
 
 
 11
 Neither of the able district judges denied counsel for appellants any opportunity to represent his clients nor did they refuse to hear him on their behalf. This case does not present the arbitrary denial of due process presented in Reynolds v. Cochran, 365 U.S. 525, 530-531, 81 S.Ct. 723, 5 L.Ed.2d 754 (1961).
 
 
 12
 We have examined the memorandum opinion and order entered by the district court in each of the instant cases. We have also inspected the voluminous record of the state court proceedings made available on remand to the district courts. The Supreme Court of Illinois, People ex rel. Lane v. Pate, 39 Ill.2d 115, 117-119, 233 N.E.2d 554 (1968), determined that the indictment was properly filed, furnished to appellants prior to trial, and that the verdict was signed by the foreman of the jury and subscribed to by all the jurors when polled in open court. This is clearly verified by the state court record. After an independent examination of the state court record, both Judges Hoffman and Perry correctly determined that the findings by the state court were substantiated by the record and that appellants received a full and fair hearing.
 
 
 13
 Appellants have failed to demonstrate that the state court record itself is insufficient in any respect, although it has been open to inspection by counsel since September 10, 1969, both in the district court and here on appeal.
 
 
 14
 The essence of all of this is that the facts alleged in the habeas petitions with reference to the state court proceedings are not correct and the record so demonstrates. Under these circumstances appellants were accorded all rights due them on the remandment and were not denied due process under applicable law.[3] Particularly appropriate here is the language in McCoy v. Tucker, 4 Cir., 259 F.2d 714, 716 (1958), where the court said:
 
 
 15
 '* * * Moreover, where the application states a case for relief, but the district judge discovers from an examination of the record that the state process has given fair consideration to the issues and the evidence, even where the facts are disputed, if the judge is satisfied with the conclusion reached in the state courts, he may likewise deny the writ without hearing or argument.'
 
 
 16
 The denial of the petitions for habeas corpus in each of the two appeals before us is affirmed.
 
 
 17
 Affirmed.
 
 
 
 [1]
 Worlow's petition was denied by the Honorable Julius J. Hoffman, Judge presiding in No. 68-C-551. Lane's petition was denied by the Honorable J. Sam Perry, Judge presiding in No. 68-C-536
 Both Worlow and Lane proceeded pro se in their initial habeas proceedings in the district courts. Mr. Holland C. Capper, a reputable member of the Chicago bar, was first appointed to represent them in the prior appeal. Without objection, he continued to represent appellants on the remand to the district court to the extent indicated herein. Mr. Capper again represented appellants on this second appeal.
 
 
 [2]
 The letter addressed to him reads as follows:
 'September 10, 1969
 Mr. Holland C. Capper
 Room 500
 
 
 [110]
 North Wacker Drive
 Chicago, Illinois
 Re: Worlow v. Pate
 No. 16970 and No. 17239
 U.S. Court of Appeals for the Seventh Circuit
 Dear Sir:
 Please be advised that following the remand by the Seventh Circuit in the above-entitled cause, Judge Hoffman's clerk requested that this office obtain the pertinent trial transcripts and deliver them to his chambers. We complied with that request last week. It is our understanding that after Judge Hoffman reviews the transcripts he will forward them to Judge Perry and that both judges will then issue their written findings based on their reading of the transcripts.
 If you wish to personally review the transcripts, you should contact the judges' law clerks.
 Yours truly, THOMAS J. IMMEL, Assistant Attorney General Criminal Justice Division.'
 
 
 [3]
 See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); United States ex rel. Jennings v. Ragen, 7 Cir., 279 F.2d 202 (1960), cert. denied, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960)