THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES JONES *et al.,* Defendants-Appellants.

(Nos. 71-44, 71-45 cons.;

Fifth District—June 15, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellants.

R. W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

William Stephens, Lowell Stephens, and James Jones were charged with theft and burglary of the Roxana Drug Store and were tried in Madison County. After a jury found them guilty of burglary, they entered guilty pleas to the theft charge. Originally there was a fourth defendant, Lloyd Hawes, who pleaded guilty and became a witness for the State.

Hawes testified that he and the three defendants were at the home of his girl friend on the night in question. He drove the defendants to the home of the Stephens brothers at about 1:30 A.M. About half an hour later Bill Stephens and Jones returned to the girl's house and told Hawes that they wanted him to pick up some "stuff". They drove to the Roxana Drug Store where Lowell Stephens was waiting. Hawes stated that Bill and Lowell Stephens had broken the glass in the door of the store. All four of them loaded cartons of cigars, cigarettes, and pills into the car. As they approached the Stephens home they spotted a patrol car and after the patrol car began to follow, they began to flee. As they fled Jones and Bill Stephens jumped out of the car and Lowell Stephens

and Hawes began to throw some of the stolen merchandise out of the car. After eluding the police the car was abandoned. The police later discovered the car and traced it to its owner, Hawes' girl friend. The police arrested Hawes and the three defendants turned themselves in. Jones and Lowell Stephens were sentenced to three to ten years on the burglary and theft charges, the sentences to run concurrently. William Stephens received probation. Only Jones and Lowell Stephens have appealed.

■■ The defendants allege initially that the jury verdict cannot stand where it is not unanimous. They point out that the jury verdict was signed by only eleven jurors. It has been held that it is not necessary for all the jurors to sign the verdict if after returning the verdict they are polled and they all answer that the verdict is theirs. (*People v. Pate*, 39 Ill.2d 115, 233 N.E.2d 554.) Here the record shows that all twelve jurors were present and were polled and each stated that it was his or her verdict. Under these circumstances the failure of one juror to sign is immaterial.

■■ The defendants also assert that the court's refusal to give instructions on the drugged condition of the defendants was prejudicial error. IPI instructions 24.02 and 25.02 on Voluntary Intoxication or Drugged Condition and Issues in Defense of Voluntary Intoxication or Drugged Condition were tendered and refused by the court. The defendants maintain that they were drugged and thus were unable to have the requisite intent to commit the crime of burglary. They point out that a prosecution witness stated that they were "stoned" on LSD at the time the crime was committed. They, therefore, maintain that it was reversible error to deny their instructions on diminished capacity. This same witness testified that the defendants knew enough to jump out of the car as the police pursued them and also to throw the merchandise out of the car as they fled. They were all able to elude the police after the car was abandoned. These factors indicate that they were able to appreciate the nature of their act and that they did possess the mental state which is an element of the crime of burglary. Therefore, while it may have been error to refuse to give the instruction on drugged condition, the evidence indicates that the defendants possessed the requisite capacity and the error was not sufficient to require reversal. It should be noted that Hawes' stating that the defendants were "stoned" is the only indicia of diminished capacity appearing in the record.

■■ It is next alleged that the prosecution failed to prove beyond a reasonable doubt that James Jones was accountable for the commission of a burglary. Jones asserts that there was no evidence that he actually broke into the store and thus at most he was only an accessory after the fact. The only direct testimony tying Jones to the crime was the testimony of Hawes. Hawes testified that he dropped off all of the defendants at

the Stephens home at one thirty or two o'clock. About half an hour later Jones and Bill Stephens came back to the home of Hawes' girl friend and "they" wanted Hawes to go to the Roxana Drug Store to pick up some "stuff". They all went to Roxana where they found Lowell Stephens outside the drugstore and loaded the "stuff" into the car. Hawes said that Bill and Lowell had broken the glass in the door of the store. No actual reference was made to Jones breaking the door of the store, but Hawes left Jones with the other two, and half an hour later Jones and Bill Stephens wanted Hawes to drive them to the drugstore to pick up the "stuff", in the interval the Stephens brothers had broken the glass in the door. Also, after reaching the drugstore, they all loaded the car, Jones jumped out of the car as the police chased them, and he continued to run after he left the car. Hawes had left the three defendants together, half an hour later they wanted him to assist them, in the meantime the store had been burglarized. Jones aided in the loading and fled when pursued. This is the evidence in support of the conviction. On the other side of the argument is the statement of Bill Stephens (a co-defendant) that he did not see Jones after 1:30 in the morning. This evidence is sufficient to justify the conviction of Jones on the charge of burglary.

■■ The final contention of the defendants is that their sentences are excessive and inappropriate in view of their youth and nonviolence of their crimes. James Jones is twenty and Lowell Stephens is eighteen. The defense states that their records are not spotless but that they are hardly incorrigible. Both of the defendants received undesirable discharges from the Navy. Jones had been released from jail on probation for burglary five days before he committed this offense. Lowell Stephens entered a guilty plea to a separate charge of burglary and his sentence for that crime is to run concurrently with the sentence imposed for the crimes involved in this appeal. In light of the total record, the sentences are not excessive.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.