John W. WILLIAMS,
Petitioner-Appellant,

v.

Norman G. OWENS,
Respondent-Appellee.

No. 82–1931.

United States Court of Appeals,
Seventh Circuit.

Argued April 5, 1983.

Decided Aug. 5, 1983.

R. Victor Stivers, Indianapolis, Ind., for petitioner-appellant.

Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before WOOD and CUDAHY, Circuit Judges, and WEIGEL, Senior District Judge.[*]

CUDAHY, Circuit Judge.

This is an appeal from a dismissal of a petition for writ of habeas corpus. The district court dismissed the petition, apparently without having ordered and examined the trial record,[1] on the ground that petitioner's claims did not arise under the federal laws and constitution. We vacate the judgment and remand.

Petitioner John Williams was charged with two separate rapes—one on December 27, 1978 and the other on January 4, 1979. Pursuant to Williams' motion, the court ordered separate trials for each charge and the state proceeded to try Williams for the December 27 rape. Notwithstanding the separate trial order, the Indiana trial court allowed the state to introduce into evidence, at the trial for the December 27 rape, testimony from the victim of the January 4 rape, identifying Williams as her assailant.

■ According to Williams, the only strong identification of him as a rapist came from the victim of the January 4 rape, not from the victim of the December 27 rape for which he was tried. Since the trial record was not filed, we have no basis for evaluating this argument. Accordingly, Williams' allegation that the January 4 victim's testimony was not properly admitted might amount to an "error of such magnitude that the result is a denial of fundamental fairness." *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir.), *cert. denied*, 459 U.S. 1016, 103 S.Ct. 376, 74 L.Ed.2d 509 (1982). The Fifth Circuit's standard for determining whether the erroneous admission of evidence constitutes constitutional error, used by this court in *Cramer*, is whether the evidence is "material in the sense of a crucial, critical, highly significant factor [in the outcome of the case]." *Lawrence v. Wainwright*, 445 F.2d 281, 282 (5th Cir.1971). We think the allegedly erroneous admission of testimony from the victim of a crime for which a defendant was not on trial, identifying the defendant as her assailant, *could* meet this standard. Similarly, Williams' allegation that he was denied complete discovery regarding the January 4 rape, thereby preventing him from adequately preparing his defense, may also go to the fundamental fairness of his trial. Thus, the district court erred in concluding, apparently without reading the trial record, that none of the alleged errors approaches constitutional magnitude.

---

[*] Honorable Stanley A. Weigel, Senior District Judge for the Northern District of California, is sitting by designation.

**1.** The District Court docket shows that only the habeas petition itself was filed prior to entry of judgment. Counsel for the state stated at oral argument that it was his "impression" that the state court record was not filed with the district court.

It may well turn out that Williams' allegations of error are not well-founded. The Indiana Supreme Court recited in its opinion that he "sought and received complete discovery" as to the December 27 and January 4 rapes and the same court concluded that under Indiana law the January 4 evidence "was admissible under the 'common scheme or plan' exception to the general rule excluding evidence of an accused's other crimes," *Williams v. State*, 417 N.E.2d 328, 331, 332 (Ind.1981). The district court, however, cannot simply adopt a state appellate court's recitation of events, such as discovery, when the habeas petitioner disputes the facts. A review of at least the state trial record, or other available information on discovery, appears to be indispensable to resolving the dispute about discovery. *See Ruiz v. Cady,* 635 F.2d 584 (7th Cir.1980); *Montes v. Jenkins,* 581 F.2d 609 (7th Cir. 1978); *United States ex rel. Worlow v. Pate,* 411 F.2d 972 (7th Cir.1969) (applying *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). As we explained in *Worlow,* "to allow district courts to rely solely on [state appellate] opinions would, where findings of fact are contested, emasculate the writ." *Worlow,* 411 F.2d at 974. Further, the district court must draw its own conclusion about whether the admission of evidence with respect to the January 4 rape violated due process notwithstanding the conclusion that the evidence was admissible under Indiana law. *Manning v. Rose,* 507 F.2d 889, 892 (6th Cir.1974). This determination can perhaps be made by the district court by relying on the Indiana Supreme Court's apparently unchallenged description of the factual similarities between the December 27 and January 4 rapes. *See United States ex rel. Green v. Greer,* 667 F.2d 585 (7th Cir.1981). But when the district court decides it need not look at the record in order to resolve an issue, it should state its reasons so that we can weigh them on appeal. In any event, disputes over factual issues such as the adequacy of discovery and the like must be settled based on the trial record or other information more basic than the contents of state appellate opinions. Section 2254(d)'s presumption that a state court's determination after a hearing on the merits of a factual issue is correct,[2] is not in itself a basis for dispensing with the trial record.

The judgment of the district court is therefore vacated and the case is remanded for further proceedings consistent with this opinion.

---

2.  *See Sumner v. Mata,* 449 U.S. 539 (1981).