(No. 40312.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN C. REBENSTORF, Appellant.

*Opinion filed May 18, 1967.—Rehearing denied September 27, 1967.*

WALTER R. STEWART, of Champaign, and JOHN A. LAMBRIGHT, of Danville, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN P. O'ROURKE, State's Attorney, of Danville, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court·

The defendant appeals from an order of the circuit court of Vermilion County that denied his petition under the Post-Conviction Hearing Act which alleged principally that he was denied his right to representation by counsel and therefore denied due process of law. More specifically, the defendant complains that he was not represented by counsel at the time of his arraignment nor at a post-conviction hearing to determine his indigency for purposes of prosecuting an appeal, which he states were critical stages of the proceedings and required representation by counsel as a matter of due process.

On September 30, 1964, the defendant appeared to be arraigned on an indictment charging him with theft and attempted theft. The court inquired whether the defendant had obtained counsel and he replied that he had not obtained counsel but anticipated that he would employ counsel within a week. Apparently believing that the defendant might not retain his own attorney, the court appointed the public defender to represent him and stated that such counsel would withdraw if the defendant engaged an attorney. The court read the indictment's charges in substance to the defendant and when he stated he did not wish to plead at that time the court on its own motion, entered a plea of not guilty. The court assured the defendant that the entry of

the plea would not affect any of his rights and could be withdrawn, if desired, at a later time.

Private counsel was not retained by the defendant and the public defender remained as his attorney. The public defender did withdraw the plea of not guilty for the purpose of making a pretrial motion. Thereafter, a plea of not guilty was again entered and the defendant was subsequently found guilty by a jury on January 27, 1966, and sentenced to a term of not less than one year nor more than three years.

The defendant directed a letter to the circuit court clerk on March 31, 1966, stating he was without funds and stating that he desired to appeal and to have an attorney appointed and the necessary records provided. On April 1, 1966, the defendant furnished an appeal bond of $5000.

A hearing was held on April 7, 1966, to determine whether defendant was an indigent entitled to appointed counsel and a copy of the transcript of proceedings. The defendant stated at this hearing that he and his family were discussing his possible representation by a private attorney and that he desired additional time to determine if he could retain private counsel.

The hearing was continued to April 18, 1966, at which time the defendant, represented by the public defender as he had been on April 7, again appeared and stated that he wished to be represented by private counsel if he could afford to employ an attorney. The defendant, upon inquiry by the court, stated that he and his family could afford to pay about $1200 to employ counsel for an appeal. The court after making inquiries declared that it deemed that counsel could be employed within defendant's financial resources and hence found that he was not an indigent at that time and stated that the defendant could again petition the court if his financial condition changed.

The defendant did not file a record in the appeal within the time required and the State on June 23, 1966, filed a

motion to dismiss the defendant's appeal. The defendant on July 14, 1966, by his then retained counsel filed a motion for an extension of time in which to file the record. On July 21, 1966, the defendant's motion was denied and the State's motion granted. The defendant was allowed time to seek review in the appellate court and on October 26, 1966, the Appellate Court for the Fourth Judicial District dismissed defendant's appeal.

A petition was filed by the defendant in the circuit court of Vermilion County on October 10, 1966, under the Post-Conviction Hearing Act, alleging in substance that his constitutional rights had been violated as he had not been represented by counsel at the time of his arraignment nor at all stages of the post-conviction proceedings. Following a hearing the defendant's petition was denied.

The defendant's argument that he was denied due process when the trial court entered a plea of not guilty for him, at what in a general sense could be termed an arraignment, is not tenable. Section 113—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 113—3(a),) provides that one charged with an offense shall be allowed counsel before pleading to a charge. It provides also for the court's recessing or continuing the cause to permit engagement of counsel and consultation before pleading. However, the trial court's action here of entering a plea of not guilty after it had appointed the public defender in no way impaired or threatened the defendant's rights. The obvious purpose of our statute is to protect the rights of an accused from being impaired by the absence of legal counsel. The action by the court here in appointing an attorney for the defendant served to insure the protection of his rights and the entry of the not-guilty plea in no way disadvantaged him.

The defendant's citation of *Hamilton* v. *Alabama,* 368 U.S. 52, 7 L. Ed. 2d 114, and *White* v. *Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, is not helpful to his position. In *Ham-*

*ilton* and *White* it was held that, at what has been characterized as "critical stages" of the criminal process, it is unnecessary for an accused who was without counsel to demonstrate actual prejudice because of the want of representation. Though such a defendant need not show prejudice for lack of counsel to amount to a denial of due process there must be more than the sole fact that the accused at the time in question was without an attorney. As the United States Court of Appeals for the Fourth Circuit in *DeToro* v. *Pepersack,* 332 F.2d 341 (1964) put it: "In our view, *Hamilton* and *White* teach that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial." In *DeToro* the defendant had twice appeared before a magistrate without counsel and both times had entered pleas of not guilty. The court rejected the defendant's assertion that he was denied constitutional rights under the sixth amendment.

Here, as in *DeToro,* nothing transpired that in any way was likely to prejudice the defendant at his trial. Any question rising from the absence of counsel must be regarded as a question in the actual criminal process concerned and not as a purely abstract question.

The defendant next argues that there was error because he was not represented by counsel at the hearing to determine whether he was indigent and that this resulted in an improper determination that he was not an indigent.

The defendant's claim that he was unrepresented at the hearing to determine whether he was indigent is based primarily on his complaint that the public defender did not act as an advocate to establish his indigency. He cites *Ellis* v. *United States,* 356 U.S. 674, 2 L. Ed. 2d 1060 and *Johnson* v. *United States,* (D.C. cir.) 360 F.2d 844, in support of his apparent position that there is a continuing duty upon

a public defender appointed for the trial of the defendant to represent him as an advocate in all post-conviction proceedings, including a duty to prosecute an appeal.

There is no merit in this contention. Neither *Ellis* nor *Johnson* have any applicability to the argument addressed to us. Those cases concern an attorney's obligation after appointment to prosecute an appeal and do not consider the argued duty of a public defender appointed to represent a defendant at trial to initiate an appeal upon conviction.

A hearing to determine whether a defendant is an indigent with a right to have counsel appointed to appeal in his behalf and a free transcript is not an adversary proceeding. Rather, it is an inquiry by the court for facts to determine whether a defendant is entitled to proceed as a poor person as authorized by statute. The defendant was given a full and fair hearing by the court. In addition he at no time stated that he wished counsel appointed to appeal but to the contrary indicated that he desired private counsel if his financial resources permitted the engagement of such counsel. The court upon inquiry found that an attorney could be retained for a fee not exceeding the defendant's limitations. We cannot say that the court abused its discretion in refusing to appoint counsel.

It is also argued by the defendant that the clerk of the court failed to file a notice of appeal, as defendant assertedly had requested. Whether or not the clerk filed a formal notice of appeal is not material as the defendant throughout the post-conviction proceedings was treated as having had a notice of appeal filed on his behalf. Referring to the defendant's letter to the clerk the trial court specifically stated it was being treated as a notice of appeal.

Finding no merit in any of the defendant's allegations of constitutional violations we affirm the judgment of the circuit court of Vermilion County which denied the defendant's petition.

*Judgment affirmed.*