**UNITED STATES of America ex rel. John C. REBENSTORF, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

**No. 17286.**

United States Court of Appeals Seventh Circuit.

Sept. 22, 1969.

Rehearing Denied Nov. 17, 1969.

---

Nicholas D. Chabraja, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Thomas J. Immel, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee; Joel M. Flaum, Asst. Atty. Gen., Chicago, Ill., of counsel.

Before CASTLE, Chief Circuit Judge, SWYGERT, Circuit Judge, and GRANT, Chief District Judge.[1]

SWYGERT, Circuit Judge.

This is an appeal from the district court's order dismissing John C. Rebenstorf's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner alleged that he had been denied due process and equal protection because he was not represented by counsel at his arraignment in the initial proceeding before the Circuit Court of the Fifth Judicial Circuit of Vermillion County, Illinois. Further Rebenstorf asserted that he was denied due process because he was not represented by counsel at a hearing conducted after his conviction to determine whether he was indigent for purposes of the appointment of counsel for appeal. Petitioner claimed that he was denied a fair trial because of the incompetence of his court-appointed counsel that grew out of the counsel's failure to assert two "absolute" defenses to the charge upon which

---

1. Chief Judge Robert A. Grant is sitting by designation from the United States District Court for the Northern District of Indiana.

Rebenstorf was convicted. Finally, a denial of due process and equal protection was asserted to have resulted from the denial of a free transcript and assistance of counsel in preparing an appeal from a post-judgment relief proceeding in the state court. The district court's memorandum opinion and order dismissed the first three contentions on the ground that they were fully and fairly litigated before the Supreme Court of Illinois and thus presumably correct under 28 U.S.C. § 2254(d) and refused to consider the final contention since it had not been fully presented to Illinois state courts and thus the petitioner had failed to exhaust his state court remedies.

The history of this case commenced with Rebenstorf's arraignment on September 30, 1964 on the charges of theft and attempted theft. Although the petitioner expressed his intention to retain private counsel, the court appointed a public defender, John Unger, to represent him. When the petitioner stated that he did not wish to plead at that time, the court entered a plea of not guilty on its own motion. On January 27, 1966 the petitioner was convicted by a jury of the crime of theft and subsequently sentenced to a term of not less than one nor more than three years.

The petitioner's letter of March 30, 1966 manifested his desire to appeal the conviction and requested the trial court to provide counsel. At a hearing held on April 7, 1966 to determine whether the petitioner was an indigent and therefore entitled to the appointment of counsel and a free transcript, the petitioner stated at that time he was discussing with his family the possibility of representation by a private attorney and that he desired additional time to make the decision. The hearing was continued until April 18, 1966 at which time the defendant appeared and again stated that he wished to be represented by private counsel if he could afford one. The petitioner reported that he and his family could afford to pay about $1,200 to employ counsel for an appeal

and that his annual earnings were $9,000. After observations about the financial status of the petitioner were received from the public defender Unger, another attorney, and the state's attorney, the court determined that since the petitioner was not indigent he could afford to employ private counsel.

Shortly after the non-indigency determination, the petitioner retained an attorney, Mr. Harper, who filed a motion for extension of time in which to file the record on appeal. This motion was denied and the State's motion to dismiss the appeal was granted on July 21, 1966 by the Vermillion County Circuit Court. On October 26, 1966 the Illinois Appellate Court dismissed the petitioner's appeal. This was the last step taken by the petitioner in the direct appeal process.

With the assistance of new private counsel, Walter R. Stewart and John A. Lambright, the petitioner filed a motion for post-conviction relief under Ill. Rev.State. ch. 38, § 122-1 et seq. (1965) in the Vermillion County Circuit Court on October 10, 1966. The circuit court denied the motion and its decision was affirmed on appeal, People v. Rebenstorf, 37 Ill.2d 572, 229 N.E.2d 483 (1967), cert. denied, Rebenstorf v. Illinois, 390 U.S. 924, 88 S.Ct. 853, 19 L.Ed.2d 984 (1968). Petitioner's private counsel represented him at every stage of the post-conviction hearing proceeding. The two issues raised and disposed of in this first collateral attack were the absence of counsel at arraignment and at the post-conviction indigency inquiry.

Having achieved no success in the post-conviction hearing proceeding, on January 15, 1968 the petitioner filed a petition for post-judgment relief in the Vermillion County Circuit Court under the provisions of Ill.Rev.Stat. ch. 110, § 72 (1965). Attorney Walter R. Stewart, again privately retained, filed the papers and represented the petitioner at this proceeding. In addition to the errors raised in the earlier post-conviction hearing proceeding, petitioner asserted for the first time that he had been denied the

effective assistance of counsel at trial. On May 13, 1968 the circuit court denied the petition after an evidentiary hearing. The same day petitioner filed a pro se notice of appeal and motion seeking appointment of counsel, a free transcript of the post-judgment relief proceeding, and supersedeas on appeal. The State objected to the motion on the ground that there is no provision in the Illinois Statutes for appointment of counsel or the furnishing of a free transcript on appeal from an adverse decision in a post-judgment proceeding. On June 3, 1968 the circuit court denied the motion based on its findings that the petitioner had been represented by retained counsel in earlier proceedings, that he had not furnished the court with sufficient proof of his indigency, and that the post-judgment proceedings were civil in nature.

After pursuing the above outlined state procedures, Rebenstorf filed his petition for writ of habeas corpus in district court on June 11, 1968. The district court denied the petitioner's motion for appointment of counsel and dismissed the petition for the reasons previously set forth. The district court did enter an order permitting this appeal in forma pauperis and granted issuance of a certificate of probable cause.

Subsequent to the district court's denial of Rebenstorf's petition, he attempted to appeal pro se the earlier denial of his post-judgment relief to the Illinois Supreme Court. After denying his motion for appointment of counsel, supersedeas and an immediate hearing, the Supreme Court took no further action on his appeal. Rebenstorf also petitioned the Illinois Supreme Court for a writ of habeas corpus. This petition was denied on January 29, 1969

■ The contentions of the petitioner relating to the denial of counsel at arraignment and the absence of the effective assistance of counsel at the post-conviction indigency hearing were fully and fairly decided by the Illinois Supreme Court's disposition of the post-conviction hearing appeal in People v. Rebenstorf, 37 Ill.2d 572, 229 N.E.2d 483 (1967). The district court was correct in denying relief on these grounds for the reason that the Illinois Supreme Court's decision was made after a review of the record of the circuit court proceeding which afforded the petitioner a full hearing on the merits of the issues and must be presumed correct under 28 U.S.C. § 2254(d) and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■■ Another contention raised by the petitioner was that he was denied a free transcript and the assistance of court-appointed counsel for the purpose of appealing the denial of post-judgment relief. The district court refused to consider this argument on its merits due to the petitioner's failure to exhaust his state court remedies. It is now apparent that the petitioner has exhausted his state remedies and the question he presents is ripe for consideration by a federal court. Since the facts surrounding the denial of a transcript and counsel for appeal are undisputed, it would serve no useful purpose to remand for an evidentiary hearing on that issue. A straightforward question of law is presented for our determination: whether the petitioner was denied his right to appeal as a result of the circuit court's action. Although post-judgment relief was available to the petitioner as a collateral remedy for testing the validity of his prior criminal conviction, we cannot overlook the fact that post-judgment relief, like the federal habeas corpus remedy, is civil in nature. Post-judgment relief is an integral part of the Illinois Civil Practice Act. Since the proceeding is civil, there is no constitutional requirement for appointment of counsel on appeal or for the provision of free transcript. Cf. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) and Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Furthermore, even if the Constitution required provision of a free transcript and appointment of counsel for purposes of appeal from a post-judgment relief proceeding, the

finding of the circuit court that the petitioner was not indigent would preclude its appointment of counsel and provision of free transcript.

■ The petitioner also claims he was prejudiced at trial by the incompetence of court-appointed counsel that resulted from counsel's failure to present two "absolute" defenses to the charge upon which he was convicted. The district court erroneously held that this contention was considered and rejected by the Illinois Supreme Court in People v. Rebenstorf, 37 Ill.2d 572, 229 N.E.2d 483 (1967)). Because the issue of incompetency of trial counsel was not before the Illinois Supreme Court, the district court erred in dismissing that contention on the basis of the presumed correctness under 28 U.S.C. § 2254(d) of the prior Illinois Supreme Court decision. Rebenstorf first raised the incompetency issue for consideration by the state court in his post-judgment relief petition filed subsequent to the Illinois Supreme Court's decision in the post-conviction hearing appeal. Although the federal habeas corpus petition was filed after the Vermillion County Circuit Court rejected Rebenstorf's incompetency of counsel claim, the court below did not have before it the record of the state court proceedings relating to this claim. The state court's memorandum opinion set forth a number of findings of fact relative to the incompetency claim, but these findings, the record purportedly supporting them, and the memorandum opinion were not before the district court. This court said in United States ex rel. Worlow v. Pate, 411 F.2d 972 (7th Cir. June 10, 1969): "The federal court may accept the state court's findings of fact, but only if it determines, by an independent view of the record, that those findings were the result of a 'full and fair hearing.'" We held in that case that "the district court's denial of the petitions for writs of habeas corpus in the instant case, without having compelled production of the state court record to determine whether petitioners' contentions were fully and fairly dealt with by the state court, was error." There is no substitute for the state court record in the determination of the constitutional errors at which the writ of habeas corpus is directed. Consequently, this cause must be remanded for consideration of the incompetency of counsel claim under the standards of 28 U.S.C. § 2254(d).

■ The final error raised upon appeal is that the district court erred in not appointing counsel to assist the petitioner in the preparation and presentation of his writ of habeas corpus. The courts have held that despite the general expansion of the right to counsel, this right does not include an absolute requirement that a prisoner have an attorney appointed to prepare collateral attacks in all post-conviction proceedings. Although the appointment of counsel in habeas corpus proceedings may be required in certain cases, Campbell v. United States, 318 F.2d 874 (7th Cir. 1963), appointment of counsel for indigents in habeas corpus "rests in the sound discretion of the district courts unless denial would result in fundamental unfairness impinging on due process rights." LaClair v. United States, 374 F.2d 486, 489 (7th Cir. 1967).

The Supreme Court has recently observed the practice of most federal courts to appoint counsel in post-conviction proceedings only after the court determines "that issues are presented calling for an evidentiary hearing." Johnson v. Avery, 393 U.S. 483, 487, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969). The district court under the facts of this case acted within its discretion in refusing to appoint counsel to assist the petitioner.

In light of the district court's failure to consider the state court record in passing on the petitioner's claim of incompetency of counsel, the judgment of the district court denying the petition for a writ of habeas corpus is vacated and the case is remanded.

Nicholas D. Chabraja of the Illinois Bar represented the petitioner as court-appointed attorney. The court is appreciative of his excellent representation.