(No. 42183.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MAJOR BROWN, JR., Appellant.

*Opinion filed January 28, 1970.*

JEFFREY K. DAVISON, of Decatur, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Major Brown, Jr., on November 16, 1960, entered a plea of guilty in the circuit court of Macon County to an information charging him with armed robbery and he was subsequently sentenced to the Illinois Penitentiary for a term of not less than one (1) year and not more than twenty (20) years. On June 17, 1968, acting *pro se,* he filed a petition seeking relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*). Counsel was appointed by the court on June 20, 1968, to represent the appellant and on June 28, 1968, the People filed a motion to dismiss the petition. The appellant's attorney was given leave to amend the petition and he filed an amendment on January 6, 1969. The State moved to dismiss the amended petition and after argument the circuit court dismissed the appellant's petition.

The amended petition alleged that the appellant's constitutional rights had been violated, in that (1) the trial court failed to admonish the appellant properly regarding the possible consequences of his plea; (2) counsel for him was tardily appointed and the public defender who was appointed to represent him did not properly defend him; and (3) the trial court improperly sentenced the appellant. The circuit court held that the record of the original proceedings, which the appellant submitted in support of his petition, refuted the contention of the petition. The appellant elected to stand on his amended petition and the record, rejecting the trial court's offer to permit further amendment of the petition.

The appellant, represented by counsel, limits his position on appeal to the contention that he was improperly denied his right to counsel. He argues that while he was provided counsel when he first appeared in court on November 1, 1960, his constitutional rights to due process were nonetheless infringed because the absence of counsel prior to November 1, 1960, prejudiced him and was a denial of funda-

mental fairness. Specifically, he contends that had counsel been appointed prior to his appearance in court, he would have been instructed not to confess and, supposedly, if he had not confessed he would not have pleaded guilty.

The argument is without merit. The appellant did not request the assistance of counsel prior to his first appearance in court on November 1, 1960. He pleaded guilty before the decisions in *Escobedo* v. *Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 and *Miranda* v. *Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, were delivered and these decisions have no possible applicability. (See *Johnson* v. *New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, and *People* v. *Williams*, 36 Ill.2d 194, 205.) There is no claim that his confession was false, was coerced or other than voluntary. (*Cf. People* v. *Harper*, 43 Ill.2d 368.) Counsel was appointed for him when he first appeared in court and thus before anything transpired in the judicial proceedings which could have prejudiced the appellant's rights in a later trial. See *People* v. *Rebenstorf*, 37 Ill.2d 572, 575.

We would observe that having reviewed the appellant's petitions, together with the transcript of the original proceedings (see *People* v. *Slicker*, 42 Ill.2d 307, 308), there is no basis for the other claims of constitutional violation originally raised. The record establishes that the appellant was carefully admonished by the court concerning his plea and its possible consequences, that he freely and voluntarily pleaded guilty and was legally sentenced. Accordingly, the judgment of the circuit court of Macon County dismissing the post-conviction petition is affirmed.

*Judgment affirmed.*