**Roman R. BLENSKI, Petitioner-Appellant,**

v.

**Bronson LaFOLLETTE, in his capacity as Attorney General for the State of Wisconsin and Circuit Court, Milwaukee County, Respondent-Appellee.**

No. 77–1780.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 24, 1978.

Decided July 17, 1978.

Charles Bennett Vetzner and Nancy Hopkins (law student) Post-Conviction Defense Project, Madison, Wis., for petitioner-appellant.

Nadim Sahar, Madison, Wis., for respondent-appellee.

Before CASTLE, Senior Circuit Judge, and SWYGERT and WOOD, Circuit Judges.

SWYGERT, Circuit Judge.

The principal issues in this appeal from a denial of a writ of habeas corpus are whether the district court judge erred in denying the petitioner's motion for production of trial transcripts, whether the jury instructions were so uninformative and confusing as to be violative of due process, and whether the statute underlying the convictions is unconstitutional.

Roman R. Blenski, petitioner-appellant, was convicted of three counts of soliciting charitable contributions without registering with the Wisconsin Department of Regulation and Licensing, and nine counts of unlawfully using the name of another for the purpose of soliciting charitable contributions, all in violation of section 440.41 of the Wisconsin Statutes.[1] He was sentenced to a total of twelve-months' incarceration, but remains free on bond.

1. On appeal two counts resulting in multiplicity were reversed. Because the sentences imposed on those two counts were concurrent with sentences on the counts which were affirmed, the sentences were unchanged. *Blenski v. State*, 73 Wis.2d 685, 245 N.W.2d 906 (1976).

## I

The first issue is whether the district judge erred in denying the petitioner's motion for production of the state court transcripts. Petitioner contends that because his petition claimed that there was no evidence to support the conviction, the district judge was obligated to examine the transcript itself rather than rely upon the summary of evidence contained in the Wisconsin Supreme Court's decision [2] and that part of the transcript which contained the jury instructions.

When considering a petition for a writ of habeas corpus which alleges no evidence to support the conviction, a district judge may not rely on a state appellate factual summary alone and ordinarily would need to examine the relevant sections of the transcripts of the state court proceedings. *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). In this case, therefore, had the district judge simply relied upon the summary of evidence contained in the state court's opinion to decide the issue of evidence, we would have been compelled to reverse his decision denying the motion for production of the transcript. But the judge did not do that. Instead, by carefully analyzing the petitioner's claim on the basis of the arguments made in his pleadings and briefs, the judge correctly concluded that the petitioner actually was claiming that the jury should have drawn inferences favorable to him from the evidence presented—not that there was no evidence to support the convictions.

Even if we had held that the district judge incorrectly analyzed the petitioner's claim as one arguing improper inference rather than no evidence, we still would have affirmed the judge's denial of the motion to produce. The petitioner's pleadings and briefs do not contradict but actually confirm the state court factual summary. The district judge therefore could properly rely on those parts of the summary not contradicted by the petitioner along with the pleadings in making a determination of whether there was any relevant evidence to support the convictions and need not order production of the transcript.

Petitioner contends that the State failed to prove that he was required to register before soliciting contributions. Section 440.41(3)(c) exempts from registration those who collect less than $500 a year if all "fund raising functions are carried on by persons who are unpaid for such services." Petitioner does not deny that he paid people to collect contributions and for use of their cars. On the basis of that evidence, the jury could have found that petitioner did not fall within the exemption.

Petitioner also contends that the State did not prove he made unauthorized use of the name of any person for the purpose of soliciting contributions. He does not, however, deny that the names of several persons appeared on the back of the receipts given after contributions were made, nor that some people contributed more than once and therefore would have been given the receipt prior to making a subsequent contribution. Again the jury could have found that the petitioner's conduct or use of the names fell within the definition of use for soliciting contributions in section 440.41(10)(b).

Petitioner cites two Seventh Circuit decisions in support of his argument that production of the transcript was essential to resolution of the issues raised in his petition. Those cases, however, involved different types of challenges from those presented here and are therefore distinguishable. In *United States ex rel. Worlow v. Pate*, 411 F.2d 972 (7th Cir. 1969), the petitioners alleged various constitutional errors, including the Government's failure to poll a jury and the failure to sign the verdict. We held that the district court erred in accepting a state court's findings of fact on the sole basis of the appellate opinion because that opinion would not contain evidence of those constitutional errors at which the writ was directed. This was particularly true

2. *Id.*

because petitioners also alleged that the opinion of the Supreme Court of Illinois was contrary to the certified record and that petitioners were never furnished with the complete record. *Id.* at 974 n. 1. The court therefore should have ordered the state court record "to determine whether petitioners' contentions were fully and fairly dealt with by the state court . . .." *Id.* at 974.

The opinion in *United States ex rel. Rebensdorf v. Pate*, 417 F.2d 1222 (7th Cir. 1969), which focused on the petitioner's claim of incompetency of counsel, is also distinguishable. In *Rebensdorf* we noted that the district court had held the claim to have been considered and rejected by the Illinois Supreme Court when in fact it had not been. Because the state court findings of fact relative to the allegations of incompetency, the record supporting those findings, and the opinion which rejected the claim had not been before the district court at the time the petition was denied, the cause was remanded for further consideration of the question of whether the claim had been fully and fairly dealt with by the state court. The evidentiary claim made by petitioner here clearly was "fully and fairly" dealt with by the Wisconsin courts.

One additional point: The remainder of the petition alleges various violations of rights which resulted from the jury instructions. The portion of the transcript containing those instructions was before the district judge.

In sum, a review of the record leads us to conclude that the district judge did not err in denying the petitioner's motion for production of the transcript.

## II

The second issue is whether the state court jury instructions were so uninformative and confusing as to be violative of due process. Initially, we note that the petitioner failed to object to the jury instructions at the time of his trial. Therefore, we must determine whether the failure to challenge the instructions in the trial court precludes our consideration of those challenges here. Several recent United States Supreme Court cases are particularly relevant.

In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Court held that a petitioner cannot raise Fourth Amendment challenges for the first time in a federal habeas proceeding where there has been a full and fair opportunity to raise them in the state courts. The Court reasoned that the nature and purpose of the exclusionary rule does not justify collateral review in a federal habeas challenge. Although the petition before us did not present a Fourth Amendment challenge, we are satisfied that petitioner had a full and fair opportunity to challenge the instructions at the time of his trial.

*Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), is also apposite. The petitioner there was foreclosed by a procedural default from challenging the grand jury composition. The Court held that when a petitioner makes such a challenge in a habeas proceeding, he must show "cause" for his failure to make a timely objection and "actual prejudice." *Id.* at 542, 96 S.Ct. 1708. The Court based its holding on both comity and concern for the orderly administration of criminal justice. Had the challenge been made before trial, as state procedure required, the alleged defect could have been fully considered and possibly cured by the trial court.

The issue of reviewability of a federal claim which the state declined to pass upon was considered by the Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Sykes* the federal claim of admission of inculpatory statements obtained in violation of rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), had not been resolved on the merits in the state proceeding because the claim had not been presented in the manner prescribed by state procedural rules: no contemporaneous objection had been made. The Court noted that many interests are served by a contemporaneous objection rule, 433 U.S. at 88–89, 97 S.Ct. 2497, and stated that "[a]ny procedur-

al rule which encourages the result that [a criminal trial] be as free of error as possible is thoroughly desirable . . .." *Id.* at 90, 97 S.Ct. at 2508. The Court therefore held that absent a showing of "cause" and "prejudice" attendant to the failure to make timely objection, federal habeas review is unavailable.

■ We find the reasoning of *Sykes* equally persuasive in a federal habeas challenge to jury instructions which were not objected to in a timely manner. A decision on the issue of the constitutionality of jury instructions also should have the benefit of full consideration at the trial court level. Wisconsin law is clear: The failure to make timely objection to jury instructions constitutes a waiver of any alleged defects in those instructions. *State v. Davis*, 66 Wis.2d 636, 225 N.W.2d 505 (1975). Thus, unless a petitioner establishes "cause" for his failure to object timely and that he was "actually prejudiced" by use of the instructions, he is not entitled to habeas relief.

In his reply brief to this court, petitioner contends that he is not foreclosed from raising the issue of the constitutionality of the jury instructions because he has exhausted his state remedies. He argues that specific issues concerning the adequacy of the instructions (elements of the crimes charged and the exemptions) were resolved by both the Supreme Court of Wisconsin and the district court below.

■ Assuming *arguendo* that the petitioner had exhausted his state remedies with respect to the instructions, we would still affirm the decision of the district court. As Mr. Justice Stevens commented in *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed. 203 (1977), "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." Id. at 154 (footnote omitted). In *Henderson* the Court emphasized the heavy burden a petitioner must meet when claiming prejudice because of erroneous jury instructions. The burden is especially heavy when no erroneous instruction was given: "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." 431 U.S. at 155, 97 S.Ct. at 1737.

As in *Henderson*, petitioner here claims that the trial court failed to specifically allocate the burdens of production and of persuasion on the issue of exemptions/affirmative defenses. In light of *Henderson* and the general instructions given on the state's ultimate burden of persuasion, we conclude that no error of constitutional dimension was committed. In his instructions to the jury, the trial judge stated:

If, after this scrutiny of all of the evidence, you have a reasonable doubt of the defendant's guilt you must find him not guilty. The law presumes every person charged with the commission of an offense to be innocent. This presumption attends the defendant throughout the trial. It prevails at its close unless overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. The defendant is not required to prove his innocence. The burden of proving the defendant guilty of every element of the crime charged in each of the counts is upon the State. Before you can return a verdict of guilty the State must prove to your satisfaction beyond a reasonable doubt that the defendant is guilty. If you can reconcile the evidence upon any reasonable hypothesis consistent with the defendant's innocence you should do so and find him not guilty.

Tr. at 287–88.

■ In sum, we are precluded from examining the substance of petitioner's jury instructions claim because he failed to comply with Wisconsin procedural requirements.

### III

■ The final issue is whether the district court erred in refusing to reach the merits of petitioner's challenge to the constitutionality of the statute underlying the convictions.

Petitioner contends that the district court incorrectly held that the Wisconsin post-

conviction procedure under section 974.06 Wis.Stats. is available to challenge the constitutionality of the statute. He argues that section 971.31(a),[3] which governs motions before trial, precludes section 974.06 post-conviction motions as well as appeals on certain specified issues if a defendant fails to raise them before trial. Therefore, the exhaustion of the state remedies requirement, as codified in 28 U.S.C. § 2254(b), would not be an obstacle to consideration of the merits of petitioner's constitutional claim in this habeas proceeding.

Section 974.06(1) of the Wisconsin post-conviction procedure provides:

A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the *U.S. Constitution* or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.* (emphasis added)

Thus, a section 974.06 post-conviction motion may be used to present a claim, such as petitioner's, that a sentence was imposed in violation of the Constitution. Section 974.06 (4), however, limits the use of the post-conviction motion:

All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or *not so raised*, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief *may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was*

*not asserted or was inadequately raised in the original, supplemental or amended motion.* (emphasis added)

On petitioner's direct appeal the Supreme Court of Wisconsin held that the claim of unconstitutionality of the statute was not properly before it because the claim "was never asserted by the defendant at or before trial, and *the issue was not raised in the defendant's post* conviction motion." *Blenski v. State, supra* note 1, 73 Wis.2d at 702, 245 N.W.2d at 915 (emphasis added). Although the parties make no mention of that post-conviction motion, it appears that the petitioner has already filed one. If the motion failed to raise the issue of constitutionality, petitioner would be precluded from later raising that issue as the basis for a subsequent motion "unless the court [found] a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion." Wis.Stats. sec. 974.06(4).

Although the district court did not specifically address this qualification, we conclude that the court was correct that the petitioner should at least attempt to obtain state court review of his constitutional claim by way of a section 974.06 motion prior to presenting that claim to a federal court.[4] We cannot say that it would be futile for petitioner to raise this issue in the state courts and therefore, for reasons of comity, defer to the Wisconsin courts on the issue of constitutionality of the statute.

The order denying the petition for a writ of habeas corpus is affirmed.

---

**3.** Section 971.31 Motions before trial

(2) [D]efenses and objections based on . . . [the] invalidity in whole or in part of the statute on which the prosecution is founded, . . . shall be raised before trial by motion or be deemed waived. . . .

**4.** At oral argument the Attorney General stated that petitioner is not barred from attacking the constitutionality of the statute in a section 974.06 proceeding and that he would not rely on waiver as a defense to any such proceeding.