UNITED STATES of America ex rel. James W. GREEN, Petitioner-Appellant,

v.

James GREER, et al., Respondents-Appellees.

No. 81–1246.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1981.

Decided Dec. 10, 1981.

---

7. As we feel that the application of F.R.A.P. 38 is unwarranted in this case, we deny appellee Fel-Pro's motion for double costs.

Patrick T. Driscoll, Jr., Chicago, Ill., for petitioner-appellant.

Daniel M. Harris, Chicago, Ill., for respondents-appellees.

Before SWYGERT, Senior Circuit Judge, and SPRECHER and BAUER, Circuit Judges.

SPRECHER, Circuit Judge.

Green filed a pro se habeas corpus petition in the district court, alleging that the evidence adduced in his state court murder trial was insufficient to support his conviction. The issue before us is whether the district court erred in dismissing Green's petition without first ordering and examining the trial record. We hold that an examination of the record is not required where, as here, the petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court.

I

Green was convicted in Illinois state court of the murder of a service station night watchman. The evidence supporting this conviction was largely circumstantial. The victim apparently was killed during a robbery of station funds, which were kept in a distributor cap box, locked in a desk drawer, in a locked storage room. A station jeep, locked inside the station with its keys in the ashtray, had been used to break into the storage room. Green, who was a former employee of the station, knew where both the station funds and the keys to the jeep were kept. A search of his car uncovered the distributor cap box containing the station's money. Green's account of how he gained possession of the money changed during the course of questioning by police. He initially admitted being at the station, but claimed the desk drawer was open when he arrived. He later admitted forcing the drawer open. At all times, however, he insisted that he was innocent of murder. Upon his conviction, Green was sentenced to twenty to forty years imprisonment.

II

Green appealed his murder conviction to the Illinois Appellate Court, arguing that the evidence introduced at trial was insufficient to prove his guilt beyond a reasonable doubt. The state appellate court, after an examination of the record, affirmed the trial court verdict in an opinion which included a lengthy summary of the evidence in the case. *People v. Green*, 62 Ill.App.3d 420, 19 Ill.Dec. 604, 379 N.E.2d 119 (1978).

Green then filed a habeas corpus petition with the district court.[1] Green's petition reviewed the evidence presented at trial

---

1. In addition to the claim raised before the state appellate court, Green added a claim that inadmissible hearsay evidence had been introduced at trial. Although this issue was not properly before the court, the district court decided it because the state conceded that Green had properly exhausted his state remedies. The district court rejected the claim. That issue is not discussed in Green's briefs to this court.

and concluded that "the evidence does not so fairly establish my guilt of murder that no reasonable hypothesis of innocence exists." The state moved for summary judgment or dismissal and submitted a memorandum of law in support of its motion. This memorandum contained a factual summary of the evidence adduced at trial and included an offer to obtain a trial court record if the district judge so required. Green filed a response which, essentially, challenged some inferences that the state drew from the facts at trial, and which also moved for summary judgment or dismissal. The district court determined that an examination of the trial record was unnecessary since Green did not dispute the factual findings of the state appellate court, but rather claimed that these findings were inadequate to support his conviction. The court then granted the state's motion and dismissed the petition.

### III

#### A

The district court found that an examination of the record was unnecessary because "[p]etitioner does not contest the findings made by the Appellate Court on his appeal, but merely argues in his petition that it [sic] does not satisfy the requirements of *Jackson v. Virginia.*" The district court had before it four documents summarizing the evidence adduced at trial: the state appellate court's opinion, Green's habeas corpus petition, the state's motion to dismiss, and Green's response to that motion. Green's petition provided a summary of the evidence that was virtually identical to the state appellate court's summary, and concluded that "the evidence does not so fairly establish my guilt of murder that no reasonable hypothesis of innocence exists." [2]

From this, the district court correctly determined that Green did not allege any inaccuracies or incompleteness in the factual summaries before the court, but rather was raising the question of whether the circumstantial evidence was sufficient as a matter of law to uphold the guilty verdict. There was thus no need to examine the trial record, and the court properly made its ruling based on the uncontradicted fact summaries that it had before it.[3]

Our decision here finds support in *Blenski v. LaFollette,* 581 F.2d 126 (7th Cir. 1978). There a habeas corpus petitioner alleged that there had been insufficient evidence to support his state court conviction and moved for the production of the state court transcripts. The district judge denied the motion, and this court upheld the district court. Although the district court found that the petitioner had not in fact alleged insufficiency of evidence in his petition, but rather had claimed that inferences which should have been drawn from the evidence were not drawn by the state appellate court,[4] we noted that even if the petitioner's habeas corpus claim had been characterized as one alleging insufficiency of evidence, examination of the trial transcript would have been unnecessary since "[t]he petitioner's pleadings and briefs do not contradict but actually confirm the state court factual summary." *Id.* at 128.

Similarly, in this case Green in no way challenged the accuracy or completeness of

---

2. It is clear that it was this evidence upon which Green based his claim that he had not been proven guilty beyond a reasonable doubt, and not additional facts in the trial record. For example, his petition recited, as did the state appellate court opinion, that "twenty dollars was [sic] found in the victims' [sic] pocket," but adds the inference he believes should be drawn: "it is logical that whoever killed him would have robbed him as well as the station proper."

3. The district court applied the correct standard, mandated by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),

of whether any "rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324, 99 S.Ct. at 2792 (footnote omitted). The *Jackson* Court recognized that circumstantial evidence could support a guilty verdict. *Id.* at 324–25, 99 S.Ct. at 2792–93.

4. Green's claim, too, can be characterized as a challenge concerning the appropriateness of drawing inferences. Here, however, Green argues *against* the inferences that *were* drawn from the evidence summarized in the state appellate court's opinion.

the facts as summarized by the state appellate court, but only whether the conclusions drawn from those facts were permissible.[5] The papers which he filed, like those in *Blenski*, served to "confirm the state court factual summary." Thus, examination of the record by the district court was unnecessary.

The Ninth Circuit has reached the same conclusion in a similar case. In *Linden v. Dickson*, 278 F.2d 755 (9th Cir. 1960), a habeas corpus petitioner alleged that his conviction in state court was invalid because he had been incompetent by reason of insanity when he waived counsel at trial. The district court had relied upon the factual summary contained in the state appellate court's opinion on the issue and did not order or examine the record. The Ninth Circuit upheld this procedure, finding that there were no allegations of fact in the petition which contradicted the facts in the state appellate court opinion. The court noted that it would have been "a simple matter" for the petition to have alleged inaccuracies or incompleteness in the factual summary of the state appellate court, and concluded that the facts were therefore not at issue. *Id.* at 759.

## B

Green argues, however, that *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), imposes a requirement that district courts examine the full trial record whenever a habeas corpus petition alleges insufficiency of evidence. We find no such requirement in *Jackson*.

The *Jackson* Court's primary concern was with the *standard* to be applied by federal district courts in reviewing the sufficiency of evidence supporting state court convictions. The Court overruled the requirement, enunciated in *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), that the habeas corpus petitioner

establish that "no evidence" existed to support the state court conviction. Instead, the Court found that habeas corpus relief is appropriate "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324, 99 S.Ct. at 2792 (footnote omitted). Green contends that the words "record evidence adduced at the trial" require the district court to examine the entire record when ruling on a claim that the evidence at trial was insufficient to support a conviction.

Green's reliance upon this phrase is misplaced, however. The *Jackson* Court was concerned with ensuring that state court decisions based upon " 'a mere modicum of evidence' " would not be upheld. *Id.* at 320, 99 S.Ct. at 2790, quoting *Jacobellis v. Ohio*, 378 U.S. 184, 202, 84 S.Ct. 1676, 1685, 12 L.Ed.2d 793 (1964) (Warren, C. J., dissenting). The Court never addressed the question of whether an examination of the full trial record was necessary, since the district court had examined the record. *Id.* at 312, 99 S.Ct. at 2785. There is no analysis or discussion in the opinion to indicate that the Court was formulating the requirement that Green asserts here. We thus decline to read an isolated section of *Jackson* as stating a holding on an issue not before the Court.

Indeed, requiring the district court in this case to examine the full trial record would run afoul of the *Jackson* Court's recognition that "[a] judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts . . . ." *Id.* at 323, 99 S.Ct. at 2791. Where, as here, the petitioner does not challenge the facts as summarized in the state appellate opinion, a search of the record for inadequacies in that summary would not constitute such deference.

---

5. The failure to suggest any inaccuracies or incompleteness in the facts before the district court serves to distinguish this case from cases relied on by Green in support of his claim. *See, e.g., United States ex rel. Worlow v. Pate*, 411 F.2d 972, 974 (7th Cir. 1969), *cert. denied*,

403 U.S. 921, 91 S.Ct. 2238, 29 L.Ed.2d 699 (1971) (findings of fact by state appellate court were "contested" before district court); *Fortner v. Balkcom*, 380 F.2d 816, 821 (5th Cir. 1967) (petitioner alleged "facts which, if true, would entitle him to relief").

Our conclusion is also consistent with the Supreme Court's decision in *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). There, the Court emphasized that the 1966 amendment to the habeas corpus statute, 28 U.S.C. § 2254 (1980), which added § 2254(d), represented an attempt by Congress to "alleviate" the friction between state and federal courts resulting from the ability of the federal courts to overturn state court opinions under the habeas statute. *Id.* at 550, 101 S.Ct. at 771. Toward this end, § 2254(d) bestows a "presumption of correctness" upon state court fact finding. *Id.* at 547, 101 S.Ct. at 769.[6] *See Bruce v. Duckworth*, 659 F.2d 776 at 779–780 (7th Cir. 1981).

The *Sumner* Court held that this presumption "applies to factual determinations by state courts, whether the court be a trial court or an appellate court." *Id.* at 547, 101 S.Ct. at 769. Where a state appellate court makes a finding of fact after a "hearing," defined by the Court as "an opportunity to be heard," this finding can only be overturned by convincing evidence that the finding was erroneous. *Id.* at 546, 101 S.Ct. at 768. Here, where the state appellate court summarized its findings of fact based on the record below, the same presumption of correctness applies. The applicant's burden under § 2254(d) of establishing by convincing evidence that the factual determi-

nation was erroneous is not met in a petition which fails to allege any inaccuracies or incompleteness in the appellate court's findings.

C

Green's final claim is that a different section of the habeas corpus statute, specifically § 2254(e),[7] supports his position that the district court was required to examine the trial record. An examination of subsection (e), though, belies this assertion.

First, the statute places the burden upon habeas corpus petitioners to produce "pertinent" parts of the record. This burden is shifted to the state only if petitioners demonstrate that they are "unable" to bear it. Green, however, never alleged an inability to obtain the record nor did he attempt to obtain it.

More importantly, § 2254(e) clearly contemplates that the petitioner must identify those "parts" of the record which are "pertinent" to the insufficiency of evidence claim. If Green intended to challenge the accuracy or completeness of the record, pertinent parts of the record would have been sections which were not mentioned in the appellate court opinion and which indicated Green's innocence or contradicted the facts in the appellate court's summary. Here, however, Green failed to identify any in-

---

**6.** 28 U.S.C. § 2254(d) states, in relevant part:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, ... [unless one of eight exceptions apply].

The only possible applicable exception states that this "presumption of correctness" does not apply where the record is produced as provided for in § 2254(e). As we note in Part III–C *infra*, production under § 2254(e) was not required in this case, so the presumption should have been applied. The statute concludes that, absent such an exception, "the burden shall rest upon the applicant to establish by convincing evi-

dence that the factual determination by the State court was erroneous."

**7.** 28 U.S.C. § 2254(e) states:

If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

completeness or inaccuracies in the state appellate court opinion.[8] This is not surprising since, as we have already noted, Green's claim was that the circumstantial evidence set forth in the appellate opinion could not support a finding of guilt beyond a reasonable doubt. Therefore, no section of the record was "pertinent" under § 2254(e), so that examination of the entire trial court record was not required.

An interpretation of § 2254(e) that requires a review of the full record whenever a habeas corpus petition alleges insufficiency of evidence would conflict with the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. following § 2254 (1980), which were promulgated by the Supreme Court. Rule 4 states that a district court is free to dismiss a petitioner's claim as frivolous without examining any documents beyond those submitted by a petitioner. This refutes Green's assertion that the statute commands a full examination of the record whenever a claim of insufficiency is alleged.

Furthermore, Rule 5 explicitly states that a full production of the record is not required by the habeas corpus statute even when the district court determines that the state is required to answer the petition. The rule requires only that the state provide "such portions of the transcripts as the . . . [state] deems relevant." If the court finds that the state has not released sufficient portions of the transcripts, "[t]he court on its own motion or upon request of the petitioner *may* order that further portions of the existing transcript be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished" (emphasis added). By the use of the discretionary "may" instead of the mandatory "shall," the rule clearly contradicts Green's claim that the habeas corpus statute required the district court to examine the trial record in this case.

## IV

We, therefore, conclude that the district court need not examine the full trial record where a habeas corpus petitioner alleges insufficiency of evidence without identifying inaccuracies or incompleteness in the factual summaries before the court. Neither case law nor the habeas corpus statute compels such a time-consuming and superfluous procedure. The judgment of the district court is

Affirmed.

**8.** Even if Green had demonstrated that he was unable to obtain the record, the state would have met its obligations under the statute. In its memorandum in support of its motion to dismiss, the state offered to obtain the record for the district court, but stated that it did not believe the record was necessary to reach a

determination of Green's claim. Green's reply did not indicate that any portion of the record was pertinent. Although Green disputed some of the conclusions drawn by the state, the facts repeated in his reply brief were all contained in the state appellate court's summary.